370 F.2d 373
 Lovel REDDEN, Appellant,
v.
Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.
James B. LAMBERT, Appellant,
v.
Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.
 No. 10156.
 No. 10160.
 United States Court of Appeals Fourth Circuit.
 December 8, 1966.
 
 HAYNSWORTH, Chief Judge:
 
 
 1
 In Lambert v. Celebrezze, 4 Cir., 361 F.2d 677, and Redden v. Celebrezze, 4 Cir., 361 F.2d 815, we held that the maximum fee allowable to the attorney for the claimant of disability benefits under the Social Security Act was twenty-five per cent of the accrued benefits payable to the claimant and his dependents by reason of the Court's judgment. In petitions for rehearing, the Secretary urges that we revise our holding to limit the fee base to accrued benefits held to be payable to the claimant on his own behalf. The matter has received the consideration of the entire Court, which now reaffirms en banc the earlier decisions of its panel.
 
 
 2
 Section 332 of the Act[1] authorizes the Court in such cases to fix and allow a reasonable fee for services rendered to such a claimant in judicial proceedings, but provides that no such fee may exceed "25 per cent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Secretary is authorized to pay a fee so allowed directly to the attorney out of the benefits otherwise payable to his client, and the attorney is prohibited from charging more.
 
 
 3
 The provision for judicial determination of the fee and the insertion of a statutory maximum was prompted by reports that exorbitant fees had been charged and collected by lawyers representing claimants of Social Security benefits in the federal courts,[2] but we find nothing in the legislative history of the statute which enlightens us concerning the congressional intention expressed in the words "past-due benefits to which the claimant is entitled by reason of such judgment."
 
 
 4
 The words are susceptible to a narrow, literal interpretation which would limit the fee basis to the accrued benefits payable to the claimant on his own behalf, excluding entirely the benefits payable on the claims of dependents. Some members of the Court are inclined to read the statute that way. A majority, however, reads the statute more broadly.
 
 
 5
 To place the problem in focus, we may refer to the Redden case as illustrative. Redden, claiming physical incapacity for any work, filed a claim for disability benefits on his own behalf. He also filed an application for insurance benefits for his seven children, and, in that application, he is listed as the applicant. While any benefits received by him pursuant to that application would be for the support and maintenance of his children, he is still the applicant in a literal and substantive sense. His wife, as applicant, filed a separate application for benefits to a wife of a disabled insured individual. Any benefits payable on that application, of course, would be paid directly to the wife, but would, within an active family unit, inure to the benefit of the husband substantially to the same extent as if they were paid directly to him.
 
 
 6
 The interdependence of the claims is readily apparent in the Act, itself. Their interrelation provides an overall family benefit measurable in part by the number of dependent family members. Under 42 U.S.C.A. § 402, a wife of a disabled insured husband is not entitled to benefits if she is under the age of 62 and has no children who are under the age of 18 and entitled to benefits. A child is entitled to benefits only if under the age of 18 and dependent for normal support upon the insured parent. Section 403 provides maximum limitations upon the overall family benefits. To that extent, they are clearly lumped together. Moreover, under § 405(b) after an administrative decision, a dependent has a right to become a formal party to the administrative proceedings and to a hearing, and, under § 405(g), any such dependent who becomes a party to the administrative proceedings has a right to obtain judicial review of the primary claim of the insured individual.
 
 
 7
 In the absence of particularized questions of the qualification of a dependent claimant, his age or his relation to or dependence upon the insured individual, all of the claims are of a part. In these cases, and in the usual disability insurance case, the only real issue is the disability of the insured individual. Once that is established, allowance of the claims of the other qualified members of the family is substantially automatic. Surely the primary claimant's interest is not limited to the benefits which will be payable upon his primary claim, for, as long as he is a member of the active family unit, his interest will extend without diminution to all of the interrelated family benefits allowable to him and to his dependents.
 
 
 8
 With these factors in mind, we do not think the words "past-due benefits to which the claimant is entitled by reason of such judgment" can be limited to the benefits payable on the primary claim. As we have seen, the claimant, Redden, is, in fact, the claimant for his children's benefits, as well as those payable on the primary claim. Those benefits will be payable to him as a result of a judgment in his favor on the primary claim. Though allowance of the dependent claims in this instance would be by administrative action following the judgment, the allowance and the payments will be the direct consequence of the judgment.[3] If Redden is literally the claimant with respect to the benefits of the children so that their accrued benefits would be included in the base of the computation of the fee, it would seem an arbitrary thing to exclude the wife's benefits from the base in light of the statute's concern with the family as a unit and the close interrelation of the three claims.
 
 
 9
 If Congress had intended the fee base to be limited to benefits payable on the primary claim, it would hardly have provided the means for its universal avoidance. The lawyer, seeking a larger fee, in every case could make the dependents parties to the administrative proceeding and parties to the judicial proceeding. With all claimants before the court, the limitation of § 406(b) (1) could not be confined to the benefits payable to one claimant only.
 
 
 10
 For these reasons, we think the statutory words "past-due benefits to which the claimant is entitled by reason of such judgment" mean the entire group of benefits payable to the primary claimant on his own behalf and to him and other dependent members of his family on their behalf.
 
 
 11
 According to the Government, the accrued benefits payable to Redden on his primary claim now amount to approximately $7,000, while those payable to him on behalf of his children and to his wife now aggregate approximately $9,000. If the $7,000 is the fee base, the maximum fee would be approximately $1750, while if the fee base is $16,000, the maximum fee would be approximately $4,000. This is a substantial difference, but our adoption of the construction which gives the larger maximum limitation carries with it no suggestion that a fee of anything approaching $4,000 should be allowed Redden's lawyer. The statute requires that the judge determine a reasonable fee, and a reasonable fee for the lawyer, from what he has done thus far, would probably lie well within the $1750 which the Government contends is the maximum.
 
 
 12
 Under our construction of the statute, the maximum limitation should be adequate to provide a reasonable fee for the lawyer who diligently prosecutes the case and brings it to an early conclusion, without forcing or encouraging him to bring in the dependents as formal parties in order to create the same maximum fee base which we find the Act provides. He is not discouraged from proceeding diligently and promptly before accrued benefits mount up; he is not encouraged to resort to obvious procedural devices for the enhancement of his own fee. At the same time, with the best of will on the part of the claimant's lawyer, these disability cases are frequently drawn out over a considerable period of time and the accrued brief its which are ultimately determined to be payable may be very substantial. When they are, judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.
 
 
 13
 Since these views are shared by a majority of the Court after careful reconsideration of the entire problem, the Secretary's petitions for rehearing, with its suggestion that we reverse the panel's decisions, will be denied.
 
 
 14
 Denied.
 
 
 
 Notes:
 
 
 [1]
 42 U.S.C.A. § 406(b)
 
 
 [2]
 See S.Rep. 404, 89th Cong. 1st Sess. 422, U.S.Code Cong. & Admin.News 1965, p. 1943
 
 
 [3]
 We assume, of course the absence of any question that the children listed by Redden are his and are dependents