**Robert BURGO, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**No. 80 C 1214.**

United States District Court, E. D. New York.

Dec. 17, 1981.

---

3. There is no suggestion in this record that plaintiffs' were in fact misled in this regard.

**1158**

Scheine, Fusco & Brandenstein, P. C., New York City (Victor Fusco, New York City, of counsel), for plaintiff.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Jo Davis, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

By order dated February 9, 1981 this court reversed a decision of the Secretary of Health and Human Services (the Secretary) denying plaintiff a period of disability and disability benefits. Thereafter the Secretary determined that plaintiff was entitled to $30,393.59 in past-due benefits. Plaintiff's attorney now petitions the court for counsel fees of $6743.09 for sixty-two hours of services, including time spent in the administrative proceedings.

Section 406(b)(1) of Title 42 authorizes a court rendering a judgment favorable to a claimant represented "before the court by an attorney" to allow reasonable attorney's fees "for such representation." The award may not exceed twenty-five percent of the past due benefits, and payment is made out of, and not in addition to, such past due benefits.

The precise language of Section 406(b)(1) permits the court to allow fees only for representation "before the court." Services "before the Secretary" are dealt with in Section 406(a). Under that subsection the Secretary may prescribe the maximum fees chargeable for services performed in connection with "any claim before the Secretary," and if he makes a determination favorable to the claimant as to past due benefits, the Secretary may, subject to conditions, fix and certify a reasonable attorney's fee for services "in connection with such claim."

Thus, on its face the language of the legislation grants the court no power to award fees in the administrative proceedings. Nothing in the legislative history suggests that Congress wished the court to have that power. Indeed, the pertinent Senate Report, in proposing what in 1965 became Section 406(b)(1), recited that that subsection would prevent attorneys from charging "what appear[ed] to be inordinately large fees for representing claimants in Federal *district court actions....*" S.Rep. No.404, 89th Cong., 1st Sess., *reprinted in* [1965] U.S.Code Cong. & Ad.News, 1943, 2062 (emphasis added). The then existing Section 406, now part of 406(a), gave the Secretary the authority to establish maximum fees "for services performed in connection with any claim before the Secretary." There was thus no need for Congress to give the district courts power to prevent excessive fees in administrative proceedings.

All but one Circuit Court which has dealt with the problem has held that Section 406 does not authorize the court to award fees for services in the administrative proceedings. *Gardner v. Menendez,* 373 F.2d 488 (1st Cir. 1967); *Whitt v. Califano,* 601 F.2d 160 (4th Cir. 1979); *Gardner v. Mitchell,* 391 F.2d 582 (5th Cir. 1968); *Fenix v. Finch,* 436 F.2d 831 (8th Cir. 1971); *MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir. 1975). In *Webb v. Richardson,* 472 F.2d 529, 536 (6th Cir. 1972), the Court of Appeals for the Sixth Circuit decided that "the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee" and in "making this award can consider all services performed by the attorney from the time the claim was filed with the Social Security Administration." The court said that such a rule was justified because it would make for "simplicity and clarity" in applying the legislation, would eliminate "redundancy" as between the Secretary and the court, and would more nearly fulfill "the expectation of the parties to contingent-fee arrangements." *Id.*

These would be cogent considerations for Congress to consider in drafting legislation on the subject. But they do not justify a departure by this court from the language which Congress used. Moreover, it is hardly irrational to require each tribunal to set a fee. Each is presumably best able to assess the value of the services rendered before it.

■ Plaintiff's attorney submits an itemization showing thirty-five and a third hours spent in connection with proceedings before this court. Most of the time was devoted to preparing a lengthy memorandum of law. However, the case was not unusually complex. Bearing in mind that counsel's fee will be paid out of plaintiff's disability benefits, this court determines and allows the attorney $2500.00. Since he has received $1000.00 from the plaintiff to be credited against the approved fee, the court certifies $1500.00 for payment out of the amount of past-due benefits.

So ordered.