**Santo MODICA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 81 C 1195.**

United States District Court, E.D. New York.

March 16, 1984.

40

Klein, Wagner & Morris, New York City (Michael G. Wagner, New York City, of counsel), for plaintiff.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Thomas McFarland, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is a motion pursuant to 42 U.S.C. 406(b)(1) for an order authorizing payment of $9,999.95 as counsel fees for the representation of plaintiff. Under that section when the court renders a judgment favorable to the claimant who was represented before the court by an attorney, the court may allow as part of the judgment a reasonable fee for such representation not in excess of 25% of the total of the past due benefits to which the claimant is entitled by reason of the judgment.

By order dated June 29, 1983 this court reversed the determination of defendant that plaintiff was not entitled to disability benefits and remanded for the award of benefits. Plaintiff's attorneys claim to have spent forty-four hours and seek 25% of the benefits due to plaintiff and those due his wife and children. The attorneys compute the past due amount as $38,253.65, of which $23,595.20 constitutes benefits to which the plaintiff is entitled.

Apparently the attorneys caused plaintiff to sign a letter dated December 1, 1980 agreeing to a contingency fee in the amount of 25% of benefits due him and his family. By letter dated November 22, 1983, which plaintiff signed, he acknowledged that 25% of the retroactive benefits is $9,999.95 and agreed that that amount should be the fee subject to approval of the court.

Of the forty-four hours which the attorneys claim to have spent, some nine hours were spent in matters before the administrative agency. This court may not make an award for those services. *Burgo v. Harris*, 527 F.Supp. 1157 (E.D.N.Y.1981).

Plaintiff's attorneys claim they are entitled to the very substantial fee sought in part on the ground that the matter was accepted on a contingency basis. This court will not consider that factor in awarding fees in this kind of case. Almost all of the claimants for disability benefits are impoverished, and the signing of a contingency fee arrangement has significance only if it serves to increase the fee. *See MacDonald v. Weinberger*, 512 F.2d 144 (9th Cir. 1975).

The court awards $3500 for the time spent in the litigation before this court. So ordered.