**John S. ALLEN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Burton M. GRAHAM, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Nos. CIV–82–1045T, CIV–82–958T.

United States District Court,
W.D. New York.

July 9, 1984.

Kenneth B. Mason, Jr., Rochester, N.Y., for plaintiffs.

Salvatore R. Martoche, U.S. Atty., Rochester, N.Y. (Rosemary G. Roberts, Asst. U.S. Atty., Rochester, N.Y., of counsel), for defendants.

## MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

Both cases present the same issue for the Court's consideration. On July 8, 1983, this Court reversed a decision by the Secretary of Health and Human Services ("Secretary") to terminate Burton M. Graham's ("Graham") Social Security disability benefits and remanded his case to the Secretary for the immediate calculation and payment of past due benefits. Similarly, on August 3, 1983, this Court reversed the Secretary's decision to terminate John S. Allen's ("Allen") Social Security disability benefits and remanded his case for the immediate calculation and payment of benefits. Kenneth B. Mason, Jr., Esq., attorney for Messrs. Graham and Allen, has applied for an award of reasonable attorney's fees pursuant to 42 U.S.C. Section 406(b)(1).[1] The Government has responded to each request and these matters were submitted without oral argument for this Court's determination.

---

1. Mr. Mason's applications are based upon 46.3 hours of services rendered in the Graham case and 56.2 hours in the Allen case. In Allen, 18.3 hours was time spent at the administrative level. Perhaps it is a coincidence, but in each case, the amount requested equals 25% of the back benefits. In the Allen case he lists his hourly rate at $125.00 per hour and in Graham at $100.00 per hour. There was nothing extraordinary about the issues involved which would indicate "special circumstances" justifying the fees requested in either case. For example, the Government did not cross-move for summary judgment in Graham thus lessening the burden for his activity in that case.

Because of the marked increase in the number of Social Security disability appeals submitted to this Court in the past year, and the divergent views held by attorneys as to the responsibility for the payment of their claims for reasonable attorney's fees, this decision is intended as a guide to both Social Security recipients and attorneys alike concerning the method of calculation and responsibility for the payment of attorney's fees in Social Security cases.

## DISCUSSION

■ 42 U.S.C. Section 406(b)(1) provides authority for a district court judge to award attorney's fees to counsel for Social Security claimant who prevails at the district court level. The court may award a reasonable fee not to exceed twenty-five percent (25%) of the claimant's past due benefits.[2] However, this section does not provide the only source for an award of counsel fees in Social Security cases, since the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d) has been held applicable in Social Security disability cases as well. *McDonald v. Schweiker,* 551 F.Supp. 327 (D.C.Ind.1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982). The EAJA authorizes the court to award attorney's fees and costs to a prevailing party and against the United States where the position of the United States was not subtantially justified unless special circumstances indicate that such an award would be unjust. An application under the EAJA must be made within thirty (30) days after the appeal period has run. The statute provides further that counsel shall be compensated a rate of Seventy-five Dollars, ($75.00) per hour unless special circumstances demonstrate that a larger amount is justified. Therefore if the Social Security claimant's counsel can establish the stat-

utory prerequisites, the EAJA supplies an attractive alternative for payment of counsel fees in that payment is made directly by the Government and not from the claimant's past due benefits.

■ It is well settled that a court may only set the fee for the services rendered before the district court. A separate application must be made by counsel to the Secretary for services performed at the administrative level. However, Section 406 is abundantly clear that Congress intended that counsel for a Social Security disability claimant who prevails in a district court or at the administrative level is limited to a maximum fee of twenty-five percent (25%) of the claimant's past due benefits. *Therefore, the aggregate attorney fee awarded by the district court and the Secretary may not exceed the statutory maximum of twenty-five percent (25%).* Morris v. Social Security Administration, 689 F.2d 495 (4th Cir.1982); *Webb. v. Richardson,* 472 F.2d 529, 536 (6th Cir.1972); *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.1970), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). Counsel who attempt to collect attorney's fees greater than those awarded by the court and the Secretary may be subject to the sanctions imposed by 42 U.S.C. Section 406(b)(2).

■ In determining a reasonable attorney's fee the Court should consider the following factors (which may vary with the circumstances in each case): Time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability, and reputation; the benefit resulting to the client from the services; customary fee charged by the Bar for similar services; the contingency or certainty

**2.** 42 U.S.C. Section 406(b) reads as follows:
"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable attorney fee for such representation, not in excess of twenty-five percent (25%) of the total of past due benefits to which the claimant is entitled by reason of such

judgment, and the Secretary may, notwithstanding the provisions of Section 405(i) of this Title, certify the amount of such fee for payment to such attorney out of, and not in addition *to,* the amount of such past due benefits. In case *of any such judgment,* no other fee may be payable or certified for payment for such representation except as provided in this paragraph." (Emphasis added)

of compensation; the results obtained; and the amount involved. *Matter of Freeman,* 34 N.Y.2d 1, 9, 311 N.Y.S.2d 336, 311 N.E.2d 480 (1974); *Blankenship v. Schweiker,* 676 F.2d 116 (4th Cir.1982). In an appropriate case, a court may require an evidentiary hearing to resolve any of the issues raised in a fee application, although customarily an attorney's affidavit detailing the manner of services performed may be sufficient.

■ In Social Security disability cases an unemployed worker is pitted against the Government of the United States. The outcome of his case may mean the difference between living in dignity or being consigned to poverty and charity. In seeking his benefits from the Social Security Trust Fund, he must deal with one of the Government's largest bureaucracies with endless regulations enacted by the Secretary in furtherance of the congressional mandate to award benefits to the needy when justified. Once the claimant has been denied benefits at the bureaucratic level, vigorous representation by capable counsel at the district court level is important and therefore encouraged. However, where the Government's position in denying or terminating benefits to a claimant was not substantially justified, the EAJA was intended to shift the burden of attorney's fees to the Government rather than out of the accumulated benefits denied to the claimant. And certainly, under no circumstances did Congress intend that an attorney be granted a fee of twenty-five percent (25%) of the past due benefits *and* an additional allowance under the EAJA. It was best said in *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966):

> "While the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the Bar. Routine approval of a statutory maximum allowable fee should be avoided in all cases. In a great majority of cases, perhaps, a reasonable fee will be much less than the statutory maximum."

■ Turning to the instant cases, I find that both fall within that vast majority of cases where a reasonable fee should be less than the twenty-five percent (25%) maximum allowed by statute. The procedural steps followed in both the *Graham* and *Allen* case are similar. Plaintiffs' counsel filed petitions to proceed *in forma pauperis* for each client and initiated the action by filing a summons and complaint. Mr. Mason formally opposed the Government's motion for an extension of time in which to answer and, thereafter, filed the customary motion for summary judgment together with supporting exhibits. This Court granted summary judgment in favor of Mr. Graham on July 8, 1983 and in favor of Allen on August 3, 1983. Both cases were remanded to the Secretary for the immediate calculation and payment of benefits. Thereafter, on December 5, 1983, plaintiffs' attorney filed motions to find the Secretary in contempt and for attorney's fees for failure to pay timely benefits as ordered by this Court. The Court denied the plaintiffs' motions and benefits were paid shortly thereafter by the Secretary.

In support of his fee applications, counsel for the plaintiffs argues that each of these cases presented difficult questions and that through his ability and expertise as a Social Security claimant's attorney he obtained favorable results for his clients that will insure receipt of benefits for years to come. Counsel is quick to point out that both cases were taken on a contingent basis thereby exposing him to the risk that he would receive nothing for his efforts in the event that he was unsuccessful in reversing the Secretary's prior decisions. However, it is equally true that an experienced attorney in the area of Social Security law will require less time to perform the same services for his client than would a less experienced practitioner. Thus, although expertise may warrant a slightly higher hourly fee, this factor is more than offset by the time saved through experi-

ence and the volume of similar cases handled.

Put simply, the actions of the Social Security Administration over the past few years have visited extreme hardship upon a group of people to whom life had already dealt a low blow. It would be yet a further injustice if the claimant's attorney were automatically permitted a windfall of twenty-five percent (25%) of the benefits wrongfully deprived. This court is simply unwilling to award attorney's fees without justification for the amount requested based on factors stated in this decision.

## CONCLUSION

In summary, the following guidelines should be helpful to the Bar in making future requests for attorney's fees:

1) This Court would prefer where applicable that attorneys seek fees pursuant to the E.A.J.A., 28 U.S.C. 2412, while this method continues to be available. To proceed under this section, the attorney should make a timely application and include a detailed time affidavit. See 28 U.S.C. 2412(b).

2. If the attorney proceeds under 42 U.S.C. 406(b) a detailed time affidavit should also be submitted. From this information the court will award a reasonable attorney's fee *not to exceed 25% of the benefits due.* In the event that an attorney is awarded the maximum (25%), it be conditioned upon the waiver of collection of any additional amounts for the attorney's work before the Administration.

3. All awards made, whether pursuant to EAJA or the Social Security Act itself, are to be exclusive. Thus each award will also be conditioned upon a waiver of the right to collect any additional amount from the client, whether pursuant to a valid retainer agreement or otherwise. An exception to this rule will be where an attorney has been awarded less than the maximum (25%) from this Court and is entitled to further compensation for work performed before the administration. However, such further amount

shall not exceed the difference between 25% of the past due benefits and the amount awarded by the Court.

 I have considered all of the arguments advanced by counsel and the Government, together with the principles enunciated in this decision, and I hereby award the total of Three Thousand Dollars, ($3,000.00) as and for attorney's fees in the Graham case and Two Thousand Seven Hundred Fifty Dollars, ($2,750.00) as and for attorney's fees in the Allen case.

Mr. Mason's application for fees pursuant to the Equal Access to Justice Act previously denied by this Court is unfortunately dismissed as untimely. See Title 28 Section 2412.

SO ORDERED.