**Raymond F. LOVE, Plaintiff,**

v.

**Margaret M. HECKLER, etc., Defendant.**

**Civ. A. No. 83V–612–S.**

United States District Court,
M.D. Alabama, S.D.

July 25, 1984.

Dexter C. Hobbs, Montgomery, Ala., for plaintiff.

Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., for defendant.

## OPINION

VARNER, Chief Judge.

On May 29, 1984, this Court issued an Opinion and Order in which it reversed Defendant Secretary's decision to discontinue Plaintiff's disability benefits. The Court based its Opinion and Order on its finding that Defendant had failed to use the correct legal standard in terminating Plaintiff's benefits and had failed to follow her own regulations set out in 20 C.F.R., Part 404, Subpart P, Appendix 1, § 101.-03(C), for determining eligibility for benefits. Plaintiff is now before the Court

seeking an award of attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412.

■ The EAJA authorizes an award of fees to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Although the EAJA itself does not set out the standard of proof to be used by the Court in determining whether the Government's position was substantially justified, the EAJA's legislative history indicates that the test "is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made." *Dougherty v. Lehman,* 711 F.2d 555, 561 (3rd Cir.1983) [quoting EAJA's legislative history]. Although the burden of demonstrating substantial justification rests on the Government, the standard should not be read to raise a presumption that the Government's position was not substantially justified because it lost the action. *S & H Riggers & Erectors, Inc. v. O.S.H.R.C.,* 672 F.2d 426 (5th Cir.1982).

In the case at bar, Defendant Secretary does not dispute that Plaintiff is the prevailing party. There is, additionally, no issue involved as to whether "special circumstances" would make an award unjust. Thus, in deciding whether or not to award fees under the EAJA, the sole issue before the Court is whether the Secretary has met her burden of demonstrating substantial justification for her position in this litigation. Here, the Court must agree with Plaintiff that the Secretary has not.

■ The facts pertaining to Plaintiff's disability claim are fully set out in this Court's Opinion of May 29, 1984, and the Court sees no need to repeat them here. The Court notes, however, that, in deciding

Plaintiff to be capable of performing sedentary labor, the Administrative Law Judge (ALJ) ignored the medical reports of three physicians, all of whom had concluded that Plaintiff was permanently disabled. The Court also notes that the ALJ misstated the evidence which supported the finding of at least one doctor. [See pp. 5–6, Opinion dated May 29, 1984]. In short, the Secretary's decision to terminate Plaintiff's disability benefits was totally unsupported by the evidence of the case.

■ The Secretary's decision was also substantially unjustified in law, in that there was no evidence whatsoever to comply with the requirements of *Simpson v. Schweiker,* 691 F.2d 966 (11th Cir.1982). In *Simpson,* the Eleventh Circuit Court of Appeals held that, in order to discontinue benefits, the Secretary must present evidence that Plaintiff's condition had improved to the point of no disability. [See also, *Vaughn v. Heckler,* 727 F.2d 1040 (11th Cir.1984)]. In the case at bar, the record was devoid of any evidence that Plaintiff's condition had improved since the Secretary originally determined him to be disabled, nor did the ALJ address this issue. In the opinion of this Court, it is inconceivable that the Secretary's position can be substantially justified when she adopts a position which is contrary to the judicial precedent in this Circuit. Accord, *Natural Resources Defense Council v. U.S.E.P.A.,* 703 F.2d 700, 712 (3rd Cir. 1983).[1]

Having determined that Plaintiff meets all the requirements under the EAJA for an award of fees, the only question remaining for the Court to decide is the amount of fees Plaintiff should receive. Plaintiff's attorney is requesting an award equal to 25 percent of Plaintiff's past-due benefits for 23.5 hours of work spent on Plaintiff's

---

1. The files and records of this Court tend to indicate that the Secretary disagrees with the law set out in *Simpson v. Schweiker,* supra, and, therefore, refuses to abide therewith. If this is the attitude of the Secretary, the Courts will have no choice but to hold that each failure to recognize *Simpson v. Schweiker,* as the law in this Circuit must result in an award of attorneys' fees to the prevailing plaintiffs' attorneys because of the Secretary's failure to show substantial justification for her position. The Secretary has no right to overrule the Court system. There is a proper way to present the matter for review.

case. This time represents services on appeal to the Agency's Appeals Council, as well as on appeal before this Court. Plaintiff's counsel suggests that a reasonable hourly rate of compensation is $90.00 an hour in view of the fact that any fee was solely contingent upon a reversal of Defendant Secretary's decision. Defendant Secretary disputes both the hourly rate suggested by Plaintiff, as well as the number of hours for which Plaintiff should be compensated.

In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the United States Supreme Court stated that, in fee award questions, the "most useful starting point * * * is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." District courts were then instructed to look to other factors which could lead to an adjustment of the fee upward or downward. In this regard, the Court notes that it has considered Plaintiff's request for fees and Defendant's opposition thereto in light of the factors enumerated by the former Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974).

In considering Plaintiff's request, the Court notes at the outset that it has no authority to award a fee for representation of Plaintiff before the Secretary. *MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir. 1975). The Court, therefore, deducts 7.9 hours (administrative appeal time) from Plaintiff's request, leaving Plaintiff with a total of 15.6 compensable hours. Additionally, EAJA 2412(d)(1)(C)(2)(A) provides that "attorney fees shall not be awarded in excess of $75.00 per hour unless the court determines that * * * a special factor * * justifies a higher fee." Since the Court finds no special factor to be involved in the case at bar, Plaintiff's counsel is limited to maximum hourly compensation rate of $75.00 established by the EAJA. Under the EAJA, Plaintiff's counsel is, therefore, entitled to be compensated at a rate of $75.00 per hour for 15.6 hours, for a total compensation of $1,170.00 from the Secre-

tary. This should not limit the amount that the Plaintiff's attorney may charge his client.

Title 42 U.S.C. § 406(b)(1) allows the Court to award to a prevailing attorney a fee "not in excess of 25 percent of the total of past due benefits * * *." This award is to be paid out of and not in addition to the amount of past-due benefits awarded Plaintiff. *Spicer v. Califano,* 461 F.Supp. 40 (D.C.N.Y.1978). However, if the Secretary pays a part of the fee as in this case, the amount to be paid by the client should be credited with the amount paid by the Government. It is, therefore, the opinion of this Court that the Secretary pay the Plaintiff's attorney the sum of $1,170.00 pursuant to the EAJA and from the past-due benefits an additional amount by which 25 percent of Plaintiff's past-due benefits exceeds, if any, the amount to be paid by the Secretary pursuant to the EAJA. In the case at bar, Plaintiff's counsel has orally informed the Court that his fee, by agreement with his client, is to consist of 25 percent of Plaintiff's past-due benefits.

An Order will be entered in accordance with this Opinion.

## ORDER

In accordance with the Opinion entered in the above-styled cause on this date, it is

ORDERED by this Court that Defendant Secretary pay the Plaintiff's attorney the sum of $1,170.00 pursuant to the Equal Access to Justice Act [EAJA] and from the past-due benefits an additional amount by which 25 percent of Plaintiff's past-due benefits exceeds, if any, the amount to be paid by the Secretary pursuant to the EAJA.