**Phyllis GARBER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 5013.**

United States District Court, E.D. New York.

April 23, 1985.

Torres & Leonard, P.C., New York City (Alvin Eugene Leonard, New York City, of counsel), for plaintiff.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Kevin P. Simmons, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff's attorney moves for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b)(1). On September 21, 1984 the court reversed a determination of the Secretary of Health and Human Services denying plaintiff's application for a period of disability and disability insurance benefits. Familiarity with that opinion is assumed.

Under section 406(b)(1) of the Social Security Act, a court rendering a judgment favorable to a claimant who was represented by an attorney may allow as part of its judgment a reasonable fee for representation before the court, not to exceed 25% of the total of past-due benefits. Plaintiff's attorney seeks an award for the 24 hours of work before the court.

Plaintiff's attorney should be advised that this court will not treat the contingency agreement as a factor in setting fees under 406(b)(1) since the agreement can only serve to increase the fee in this kind of case. *Modica v. Secretary of Health and Human Services*, 581 F.Supp. 39 (E.D.N.Y.1984). Attorneys are not entitled to a flat 25% of the past-due benefits, but only such amount as is determined and allowed as a reasonable fee.

In determining a reasonable fee the court may consider the benefit achieved for the client and the ability of counsel. *See, Allen v. Heckler*, 588 F.Supp. 1247, 1249–50 (W.D.N.Y.1984). While counsel has applied for attorney's fees for himself under the Social Security Act, 42 U.S.C. § 406(b)(1), he has not applied for fees for his client under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Attorney's fees under the Equal Access to Justice Act are available in social security cases, and are awarded directly to claimants in order to defray legal expenses in actions in which the position of the United States was not substantially justified. *See, Eustache v.*

*Secretary of the Dept. of Health and Human Services of the U.S.,* 601 F.Supp. 176 (E.D.N.Y.1985). Absent special factors, $75 an hour is the maximum rate permitted by the Act. 28 U.S.C. § 2412(d)(2)(A).

An application for fees under the Equal Access to Justice Act must be made within 30 days of a final judgment in the action, 28 U.S.C. § 2412(d)(1)(B), and is now time barred. While the court does not decide whether an award would have been granted, an application for fees under the Equal Access to Justice Act would have been appropriate in light of the court's finding of clear medical evidence in support of plaintiff's position. *See, e.g., Kauffman v. Schweiker,* 559 F.Supp. 372, 375–76 (M.D.Pa.1983) and cases cited.

Plaintiff's attorney states that he spent 1½ hours reviewing the court's September 21, 1984 decision. He also states that he spent 2 hours consulting his client about granting the defendant an extension of time to answer the complaint. The court finds that counsel reasonably spent 21 hours on the federal court action, and that a rate of $75 an hour is reasonable. The fee is fixed at $1,575.00. So ordered.