William G. DOWDY, Deceased; Ethel Dowdy, Substituted Plaintiff

v.

Otis R. BOWEN,[1] Secretary of the Department of Health & Human Services, Defendant.

No. 84–0822–CV–W–8.

United States District Court, W.D. Missouri, W.D.

April 2, 1986.

---

1. Secretary Bowen was appointed during the pendency of this action to succeed Margaret M. Heckler as Secretary of the Department of Health & Human Services. Bowen is, therefore, *substituted as the defendant. See* Fed.R.Civ.P. 25(d).

James D. Worthington, Aull, Sherman, Worthington & Giorza, Lexington, for plaintiff.

Edward H. Funston, III, Asst. U.S. Atty., Kansas City, for defendant.

### ORDER

STEVENS, District Judge.

Before the court is the petition of plaintiff's counsel for an award of attorney's fees pursuant to section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1).

#### I. Facts

Counsel represented social security claimant William G. Dowdy, now deceased, and his surviving spouse Ethel Dowdy, who was substituted as plaintiff, in the above-styled disability benefits action. This court's order of October 2, 1985, granted plaintiff's motion for summary judgment, thus entitling plaintiff to accrued benefits in the amount of $25,036.26. The Secretary has withheld twenty-five percent of those benefits, which amounts to $6,259.06, pursuant to section 406(b) pending notifica-

tion that an award of attorney's fees has been made.

Counsel requests a total fee award of $3,687.19. This amount includes $3,120.00 for thirty-one hours of "legal services" rendered at both the administrative level and before this court. The suggested hourly rate of $100.00 is the contractual rate agreed upon by counsel and the claimant. Additionally, counsel seeks reimbursement of $567.19 for "advanced monies and paid expenses" made by him on behalf of the claimant. This latter sum includes the following fees:

| | |
|---|---|
| Processing | $210.00 |
| Clerk | 255.56 |
| Postage/Mailing | 11.39 |
| Long Distance Telephone Calls | 21.59 |
| Copies | 68.65 |
| | $567.19 |

## II. Discussion

■ As a starting point, the court reminds counsel that attorney's fees may be awarded under 42 U.S.C. § 406(b) only for representation *before the court* and not for services rendered on claimant's behalf in any administrative proceedings before the Secretary of Health and Human Services. "It is well-settled that the court is without jurisdiction to award fees for services at the administrative level." *Fenix v. Finch,* 436 F.2d 831, 838 (8th Cir.1971) (citations omitted). *See also Morris v. Social Security Administration,* 689 F.2d 495, 496–97 (4th Cir.1982); *Whitt v. Califano,* 601 F.2d 160, 161–62 (4th Cir.1979); *MacDonald v. Weinberger,* 512 F.2d 144, 146 (9th Cir. 1975); *Brissette v. Heckler,* 613 F.Supp. 722, 725 (E.D.Mo.1985). Counsel must apply to the Secretary of Health and Human Services to obtain a fee award for legal services performed at the administrative level. *See Fenix v. Finch,* 436 F.2d at 838. Accordingly, counsel may recover fees from this court only for the 11.9 hours of work performed before the court.

■ The court next considers counsel's requested hourly rate of $100. The court recognizes that attorneys in social security matters, like counsel in this case, often have fee arrangements with their clients. The court, however, is not bound automatically to accept and award the agreed upon rate. *See Lewis v. Secretary of Health and Human Services,* 707 F.2d 246, 248 (6th Cir.1983); *MacDonald v. Weinberger,* 512 F.2d 144, 147 (9th Cir.1975); *McKittrick v. Gardner,* 378 F.2d 872, 873 (4th Cir.1967); *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966).

Furthermore, the court is not bound to award to counsel the full twenty-five percent of past due benefits. *See, e.g., Garber v. Heckler,* 607 F.Supp. 574, 575 (E.D.N.Y. 1985). In fact, in the vast majority of cases, a reasonable award will be less than the statutory maximum of twenty-five percent. *See Allen v. Heckler,* 588 F.Supp. 1247, 1250 (W.D.N.Y.1984).

In this case the requested hourly rate of $100 seems excessive when the court considers factors such as the novelty and difficulty of the legal issues involved, the length and amount of work put into the brief, and the rate normally charged for legal work of this type. Accordingly, the court finds that $75.00 is a reasonable hourly rate in this case. *See, e.g., Brissette v. Heckler,* 613 F.Supp. 722, 726 (E.D. Mo.1985) ($60.00 per hour); *Garber v. Heckler,* 607 F.Supp. 574, 576 (E.D.N.Y. 1985) ($75.00 per hour). Furthermore, $75.00 is the statutorily set hourly rate embodied in the Equal Access to Justice Act, 28 U.S.C. § 2412, and it is appropriate to use this figure as a guide. *See* suggestion urging counsel to proceed under the EAJA *infra* p. 594.

■ Additionally, the court wishes to address the fact that counsel seeks compensation out of claimant's past-due benefits for costs that should be recovered from the defendant, the Secretary of Health and Human Services. For example, clerk's fees in the amount of $255.56 are costs, as defined in 28 U.S.C. § 1920, and are recoverable from the United States pursuant to

28 U.S.C. § 2412(a).[2] Any expenses counsel incurred on behalf of his client that are not recoverable as costs should be recovered by counsel pursuant to his agreement with his client; this court cannot order such expenses to be paid from the withheld portion of claimant's past-due benefits. *See* 42 U.S.C. § 406(b) (no provision for an award of expenses). *Accord Burnett v. Heckler*, 756 F.2d 621, 628 (8th Cir.1985) (because § 406(b) has no provision for award of interest, interest not available under this section).

■ Finally, the court wishes to take this opportunity to provide counsel herein and any other attorneys appearing before this court in the future with suggested guidelines for collecting a fee after successful representation of a client in a social security disability matter such as this. First, counsel should be cognizant of the fact that collecting a fee by proceeding under 42 U.S.C. § 406(b) results in the reduction of a client's past-due benefits by the amount of the attorney's fee award. By contrast, the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), provides for the recovery of an attorney's fee by a prevailing party from the defendant United States. *See Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir.1985); *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir.1984) (42 U.S.C. § 406(b) is not a statute that precludes application of the EAJA). The EAJA, 28 U.S.C. § 2412(d)(1), (4), also provides for recovery of expenses by the prevailing party.

While an award of attorney's fees and expenses to the prevailing party is not automatic under the EAJA, the successful claimant will be awarded fees and expenses if the court finds that the position of the United States was not substantially justified. It would behoove counsel, in the interest of providing the best possible representation of their social security clients, to first attempt to collect their fee award and recover expenses from the United States, rather than from their client's past-due benefits. *See Cartledge v. Heckler*, 615 F.Supp. 545, 546 & 547 (N.D.Ill.1985); *Garber v. Heckler*, 607 F.Supp. 574, 575–76 (E.D.N.Y.1985). If the court determines that the position of the United States was substantially justified, counsel is not precluded from then proceeding under 42 U.S.C. § 406(b). *See, e.g., Brissette v. Heckler*, 613 F.Supp. 722 (E.D.Mo.1985) (court awarded fees under § 406(b) after determining that position of United States was substantially justified).

Because the EAJA, 28 U.S.C. § 2412(d)(1)(B), requires that a party seeking an award of fees and expenses must file its application within thirty days of the final judgment, counsel herein is time barred from seeking an award of fees under the EAJA. This court makes no finding as to whether an award would have been granted, but only suggests that an application for fees under the EAJA would have been appropriate. Therefore, the court will award fees in this case under 42 U.S.C. § 406(b), with the hope that in the future, attorneys will timely seek a fee award first under the EAJA, if appropriate and in their clients' best interests. Attorneys may also make application for a fee award by filing alternative motions for fees under 42 U.S.C. § 406(b) and the EAJA, 28 U.S.C. § 2412(d). *See, e.g., Lovell v. Heckler*, 606 F.Supp. 621 (M.D.Pa.1985).

Accordingly, it is

ORDERED that claimant is awarded an attorney's fee in the total amount of $892.50 for his 11.9 hours of work before this court at a rate of $75.00 per hour. It is further

ORDERED that claimant's costs incurred in the above-styled action shall be paid by the United States.

---

**2.** 28 U.S.C. § 2412(a) provides in relevant part:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.