Savino LOSCO, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. 84 Civ. 3971.

United States District Court, S.D. New York.

July 17, 1986.

Tomkiel & Tomkiel, Yonkers, N.Y., for plaintiff; Stanley A. Tomkiel III, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. of N.Y., New York City, for defendant; Donna H. Lieberman, Sp. Asst. U.S. Atty., of counsel.

ROBERT J. WARD, District Judge.

By an opinion dated March 12, 1985, this Court reversed a decision of the Secretary of Health and Human Services (the "Secretary" of "HHS") denying plaintiff's initial application for disability insurance benefits and remanded the action to the Secretary for reconsideration. On remand, the Secretary awarded plaintiff past due benefits totaling over $31,000. The Secretary also awarded claimant's counsel $3,000 for representing plaintiff before the Social Security Administration (the "Administration"). Plaintiff's counsel now petitions the Court for an award of attorney's fees in the amount of $4,746.68. The United States Attorney opposes the present application to the extent that counsel seeks compensation in excess of $100 per hour. For the reasons that follow, counsel's petition for fees is granted in part and denied in part.

## BACKGROUND

Plaintiff first applied for disability benefits under section 223 of the Social Security Act as amended (the "Act"), 42 U.S.C. § 423, in July 1981 on the basis of a severe back impairment. After the Secretary denied that first application, he reapplied on October 22, 1981. The Secretary denied that second application initially and on reconsideration. Plaintiff timely filed a request for an administrative hearing, which was held on September 13, 1983 before

Administrative Law Judge Ralph Celentano (the "ALJ"). The ALJ determined that plaintiff was not disabled within the meaning of the Act because he retained a residual functional capacity for sedentary work. That determination became the final decision of the Secretary when it was adopted by the Appeals Council on April 5, 1984.

Plaintiff then brought an action pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g), to review the Secretary's decision. After reviewing the record, this Court reversed the ALJ's decision on three separate grounds. As the Court found, the ALJ had misapplied the law in failing to consider evidence, both subjective and objective, concerning claimant's lower back pain. Second, the ALJ had neglected to consider claimant's visual impairment in combination with his other impairments when he assessed claimant's ability to engage in substantial gainful activity. Finally, through his superficial questioning of plaintiff, who was unassisted by counsel at the administrative hearing, the ALJ had failed in his duty to develop scrupulously and conscientiously all relevant facts in the administrative record in order to afford claimant a fair and adequate hearing. *Losco v. Heckler*, 604 F.Supp. 1014, 1018–20 (S.D.N.Y.1985).

On remand, the Secretary awarded plaintiff past due benefits totaling over $31,000. At that time, the Secretary also awarded counsel $3,000 for representing plaintiff before the Administration. Affidavit of Stanley A. Tomkiel III at ¶ 5 (sworn to March 18, 1986). Counsel now petitions this Court pursuant to section 206(b)(1) of the Act, 42 U.S.C. § 406(b)(1) ("section 406"), for an award of $4,746.68 in attorney's fees for the seventeen and three-quarters hours he spent representing claimant before this Court. Although counsel submitted no copy of any agreement, this application is made on the basis of an alleged contingency "agreement subject to the approval of the court that the attorney's fee would be 25% of the retroactive benefits...." Tomkiel Affidavit at ¶ 9. The fee requested on the basis of that alleged agreement amounts to more than $260 per hour. The

United States Attorney opposes counsel's application to the extent that the request exceeds $100 per hour. The Secretary has withheld $7,746.68, or twenty-five percent of claimant's award, pending the Court's determination of counsel fees.

## DISCUSSION

Fee awards made under section 406 are paid out of a claimant's past due benefits, not by the Secretary. Prompted by the "inordinately large fees" that "result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits," Congress amended section 406 of the Act, 42 U.S.C. § 406(b)(1), to add subsection (b), which provides that an attorney may petition for and receive a maximum of twenty-five percent of a claimant's total past due benefits as a fee. S.Rep. No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad.News 1943, 2062; *see Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir. 1982). As the legislative history states and as subsequent cases emphasize, Congress was concerned not just about the percentage of the contingent fee, but also about the reasonableness of the fee in terms of the time and effort expended in earning it. Attorneys, therefore, are not automatically or even normally entitled to a flat twenty-five percent, the amount Congress set as the maximum allowable fee. To meet this congressional mandate, and particularly because the interests of an attorney clash with those of the client when the fee is to be deducted dollar-for-dollar from the claimant's award, the district court in reviewing a fee application under section 406(b)(1) "has an affirmative obligation to determine the reasonableness of the fee requested by an attorney." *Taylor v. Heckler*, 608 F.Supp. 1255, 1257 (D.N.J. 1985).

The "judge may not unquestionably [sic] approve the award of the 25 percent statutory maximum fee, or any other amount claimed on the basis of a contin-

gent fee contract." *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir.1975); *see Lewis v. Secretary of HHS*, 707 F.2d 246, 248 (6th Cir.1983); *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir.1966); *Snizaski v. Heckler*, 602 F.Supp. 1119, 1122 (W.D.Pa.1985). Rather, in determining an appropriate fee, the district court, in its discretion, should consider the benefit achieved for the client, the novelty and difficulty of the issues posed, the fee customarily charged, and the ability of counsel. *See Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir.1982); *Edenton v. Heckler*, 611 F.Supp. 264, 265 (D.Md.1985); *Taylor v. Heckler, supra*, 608 F.Supp. at 1258; *Garber v. Heckler*, 607 F.Supp. 574, 575 (E.D.N.Y.1985). In addition to considering those factors, judges in exercising discretion to determine fees under section 406

> should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.

*Redden v. Celebrezze, supra*, 370 F.2d at 376.

Applying these standards to the applications under section 406, courts recently have allowed typical fees of from $50 per hour to $100 per hour in disability cases. *Hawkins v. Heckler*, 608 F.Supp. 1201, 1206 (D.Kan.1985) ($100 per hour); *Garber v. Heckler, supra*, 607 F.Supp. at 576 ($75 per hour); *Campbell v. Heckler*, 603 F.Supp. 1388, 1392 (M.D.Pa.1985) (awarding $75 per hour under section 406 by analogy to fees allowable under the Equal Access to Justice Act); *Eustache v. Secretary of the Dep't of HHS*, 601 F.Supp. 176, 179 (E.D.N.Y.1985) ($100 per hour); *Burris v. Heckler*, 598 F.Supp. 573, 575 (N.D.Tex. 1984) ($65 per hour); *Adams v. Secretary of HHS*, 596 F.Supp. 449, 453 (N.D.N.Y. 1984) ($50 per hour); *Donovan v. Secretary of HHS*, 598 F.Supp. 120, 121 (D.Del. 1984) ($65 per hour); *Allen v. Heckler*, 588 F.Supp. 1247, 1251 (W.D.N.Y.1984) ($60 per hour and $80 per hour); *Kemp v. Schweiker*, 587 F.Supp. 778, 782 (W.D.Pa.1984) ($70 per hour for a result "achieved largely through the diligent effort of the prevailing attorneys"); *Modica v. Secretary of HHS*, 581 F.Supp. 39, 40 (E.D.N.Y. $100 per hour); *Burgo v. Harris*, 527 F.Supp. 1157, 1159 (E.D.N.Y.1981) ($72 per hour); *see also Edenton v. Heckler*, 611 F.Supp. 264, 266 (D.Md.1985) (rejecting outright an application amounting to over $250 per hour and demanding detailed supporting statement); *Taylor v. Heckler, supra*, 608 F.Supp. at 1260 n. 1 (court reserved final decision on award but noted that requested fee of $117 per hour "is the highest fee it [had] yet been asked to approve in a Social Security case").

■ As an alternative to section 406, counsel for disability claimants may petition for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for services performed in seeking judicial review of the Secretary's final determination pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g). *McGill v. Secretary of HHS*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). EAJA petitions may be filed up until thirty days after the government's right to appeal an adverse decision has lapsed. 28 U.S.C. § 2412(d)(1)(B). Under the EAJA, a prevailing claimant can recover fees from the government agency or department involved when the position taken by that agency or department during the litigation was not substantially justified. *Washington v. Heckler*, 756 F.2d 959, 961 (3rd Cir.1985); *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1438 (E.D.N.Y.1983). The substantial justification standard applied under the EAJA treads a middle ground between an automatic award of fees to the prevailing party and one made only when the government has taken a patently frivolous stand.

*Washington v. Heckler, supra,* 756 F.2d at 961; *Ceglia v. Schweiker,* 566 F.Supp. 118, 121 (E.D.N.Y.1983). To meet its burden of substantial justification in defending against a fee application, the government must show a reasonable basis in truth for the facts alleged, a reasonably sound legal theory, and a reasonable connection between the facts alleged and the theory propounded. *Citizens Council of Delaware County v. Brinegar,* 741 F.2d 584, 593 (3rd Cir.1984). The EAJA does not impose fees merely because a court has rejected the government's position, *Ceglia v. Schweiker, supra,* 566 F.Supp at 123, but the government's burden on justification is nonetheless a strong one that must be met with more than just "some evidence." *Tressler v. Heckler,* 748 F.2d 146, 150 (3rd Cir.1984).

Although an attorney has no statutory obligation to pursue fees first from the Secretary under the EAJA rather than from the claimant under section 406, at least one district court has strongly recommended that that course be followed whenever appropriate. *See Taylor v. Heckler, supra,* (Sarokin, J.). In that case, claimant's counsel had been awarded $4,000 by the Secretary for representing the claimant before the Administration. Counsel then petitioned the district court under section 406 of the Act for the difference between the Secretary's award and the statutory maximum of twenty-five percent as his fee for services performed at the district court level. Counsel had not made an EAJA

application. In the course of rebuking counsel for that lapse, Judge Sarokin noted that EAJA applications mitigate or avoid entirely the conflict, alluded to above, between claimants and their attorneys that inhere in section 406 applications.[1] Aside from creating an immediate conflict at the conclusion of the litigation, Judge Sarokin further reasoned, a fee request made under section 406 when an application under the EAJA would be appropriate casts a pallor over the entire representation.

> First, to diminish a claimant's past-due benefits by up to twenty-five per cent where the amount so lost could or should have been paid by the government directly affects the "result attained." Second, the failure to make an EAJA application where one was appropriate directly calls into question the "ability of the attorney." And third, the attorney's willingness to create a situation of conflict with his or her client sheds light on "the nature ... of the professional relationship with the client," revealing such nature to be less than it ought to be.

*Taylor v. Heckler, supra,* 608 F.Supp. at 1260. Because EAJA applications mitigate the direct conflict over fees and because an award obtained from the Secretary rather than from the claimant better fulfills the beneficent purposes of the Act, Judge Sarokin put attorneys "on notice that from this point forward, they act at their peril, rather than at the peril of their clients, when they move for fees pursuant to section 406(b)"

---

1. The court in *Taylor v. Heckler, supra,* identified a number of distinct aspects of the conflict engendered when an attorney seeks a percentage of the client's award of past due benefits as a fee. In the first place, a client who is awarded benefits which the Secretary previously had denied is unlikely to challenge the fee request as long as it comports with the contingent fee agreement, even where an objective assessment of the fee would find it to be excessive. Second, whether the claimant is entitled to benefits constitutes the only issue in disability cases, and thus "there is generally a much less direc. correlation between the size of the claimant's recovery and the lawyer's skill, effort or effectiveness than there is in, say, most personal injury cases." 608 F.Supp. at 1258 (quoting *Lewis v. Secretary of HHS,* 707 F.2d 246, 248 (6th Cir.

1983)). Finally, because the contingent fee is computed as a percentage of total past due benefits, the fee structure grants the dilatory lawyer a premium and penalizes the effective lawyer who moves to obtain relief for his or her client expeditiously since the benefits continue to accrue during the course of the litigation and the pendency of any subsequent administrative proceedings. *Id.* Awards under the EAJA ameliorate or eliminate these problems. Most importantly, the fees are paid by the Secretary rather than the claimant. Moreover, as Judge Sarokin also noted, even unsuccessful EAJA petitions for all or a part of counsel fees reflect positively on counsel's desire to achieve the best possible result for his or her client. 608 F.Supp. at 1260 n. 3.

rather than under the EAJA. *Id.* The court went so far as to recommend adopting a formal rule to that effect. *Id.* at 1260 n. 2.

■ Even a conscious decision by counsel to proceed under section 406 rather than under the EAJA would not, as a general matter, justify a decision refusing to award fees at all. No court within the Second Circuit has adopted or recommended the adoption of a rule such as the one proposed by Judge Sarokin, under which attorneys would proceed "at their peril" under section 406 when fees were potentially available under the EAJA. Nonetheless, at least one district court in the Circuit has sensibly looked to the $75 per hour cap under the EAJA for guidance in deciding a fee application made under section 406 when counsel could have made a colorable EAJA application and where the case presented no special circumstances. *Garber v. Heckler, supra,* 607 F.Supp. at 576 (Nickerson, J.) (discounting time records submitted by counsel and limiting rate to $75 per hour). The Court concurs with Judge Nickerson and agrees as well with Judge Sarokin that when the position the Secretary has taken warrants an application under the EAJA, counsel should look to that statute first before seeking fees from the claimant under section 406.[2]

■ With the foregoing background, the Court turns to the instant application. As the Court noted previously, counsel's application for $4,746.68 in fees comes to slightly more than $260 per hour. Under the circumstances of this case, counsel's request for such a fee is, quite simply, outrageous and overreaching. The sole argument counsel hazards to justify the exorbitant hourly rate implicitly requested in the petition is that the award "is reasonably related to the time devoted to the case ... especially when viewed in light of a contingency fee arrangement." Tomkiel Affidavit at ¶ 10. This Court rejects that justification out of hand. Almost all disability claimants are impoverished. An attorney who takes those cases, therefore, is not accepting a potentially larger portion of an uncertain outcome in lieu of an hourly rate. Under those circumstances the signing of a contingent fee arrangement has significance only insofar as it serves to increase the fee eventually obtained. Consequently, several courts have refused to consider the existence of that arrangement as a factor in deciding section 406 awards. *See, e.g., Modica v. Secretary of HHS, supra,* 581 F.Supp. at 40; *MacDonald v. Weinberger, supra,* 512 F.2d at 147. Other courts consider a fee arrangement as only one of several factors to be considered in setting the appropriate fee under section 406. *See,*

2. By endorsing the positions taken by Judge Nickerson and Judge Sarokin, the Court by no means intends to limit counsel in appeals from the Administration to an hourly benchmark of $75 per hour. Although compensation under the EAJA is generally limited to $75 per hour, which the Court suspects explains at least in part counsel's decision to proceed under section 406 rather than the EAJA in the instant application, a court may consider special factors under the EAJA that would warrant an award of more than $75 per hour. 28 U.S.C. § 2412(d)(1)(C)(2)(A). *See, e.g., Action on Smoking and Health v. Civil Aeronautics Bd.,* 724 F.2d 211, 216–20 (D.C.Cir.1984); *Preston v. Heckler,* 596 F.Supp. 1158, 1161 (D.Alaska 1984) (Alaska cost of living justified higher award). *Cf. Dunn v. Heckler,* 614 F.Supp. 45 (D.N.C.1985) (no factors present that would justify a higher fee); *Fincke v. Heckler,* 596 F.Supp. 125 (D.Nev.1984) ($90 per hour would be reasonable but court limited award to $75 per hour statutory maximum); *Love v. Heckler,* 588 F.Supp. 1346 (M.D.Ala.1984) (no special factors warranted award of over $75 per hour). In addition, attorneys may petition for fees under both the EAJA and section 406. That portion of time otherwise not compensable under the EAJA that must be recovered under section 406 is not limited to $75 per hour. *See, e.g., Lovell v. Heckler,* 606 F.Supp. 621 (M.D.Pa. 1985); *Eustache v. Secretary of HHS, supra,* 601 F.Supp. 176 (awarding $75 per hour for time compensable under EAJA and $100 per hour under section 406 for the remaining time expended). In appropriate instances, counsel might also collect up to $75 per hour under the EAJA and apply for the difference between $75 per hour and the requested rate through section 406. *See Campbell v. Heckler, supra,* 603 F.Supp. at 1391–92 (granting counsel's fee application for services before the district court under the EAJA and those before the Administration under section 406; further award for district court services under section 406 not justified).

*e.g., Edenton v. Heckler, supra,* 611 F.Supp. at 265; *Taylor v. Heckler, supra,* 608 F.Supp. at 1258; *Allen v. Heckler, supra,* 588 F.Supp. at 1249; *Snizaski v. Heckler, supra,* 602 F.Supp. at 1122. Even among those opinions by courts that have considered contingency fee arrangements, however, counsel will search in vain for even *dicta* to support the inflated fee he seeks here.

■ Counsel makes no arguments on any of the factors, other than contingency, that apply in determining an appropriate fee. The Court would note, however, that under no weighing of the applicable factors could counsel justify the application he has made. Although the award of past due benefits eventually obtained in this case undoubtedly benefited claimant substantially, that benefit alone could not justify the fee requested here. As described above, the Court remanded this case so that the Secretary might evaluate properly the credibility of plaintiff's subjective testimony concerning his back pain, consider fully the cumulative effects of plaintiff's several impairments on his functional capacity, and finally provide plaintiff the fair and adequate hearing that he had been denied when he appeared originally before the Administration. Both here and before the Administration, the case involved only straightforward legal propositions amply supported by precedent in this Circuit. Counsel himself does not contend that his representation demanded any original legal arguments or that the case presented a subtle or difficult factual situation. Under the standards set forth above—and consistent with the results obtained in similar disability cases—counsel would be entitled to a fee award in the range of no more than $50 to $100 per hour. *See supra* at 1264–65.

Counsel's unsupported fee application is particularly inappropriate in light of his lapsed opportunity to petition the Secretary for fees under the EAJA rather than seeking them from his client. The Court's original opinion should have apprised counsel that the Court considered the Secretary's position in this case weak and, most likely, lacking in substantial justification. Indeed, the section of the opinion concerning the procedural irregularities before the ALJ alone warranted such a conclusion. Having foregone an opportunity to seek fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits.

■ The United States Attorney does not oppose any award of fees at less than $100 per hour. That position notwithstanding, the Court is indisposed to award fees in excess of $75 per hour because this case involved no novel or extraordinary legal issues that might justify a large fee, and because in addition counsel failed to make a timely application for fees under the EAJA. Accordingly, the Court conditionally grants counsel's request for fees to the extent of seventeen and three-quarters hours, which the Court finds to be a reasonable expenditure of time, at $75 per hour, for a fee totaling $1,331.25. Counsel may request that the Court reconsider its determination, however, by submitting by August 1, 1986 an affidavit justifying a higher award. Such affidavit should contain 1) a brief resume including counsel's experience in representing disability claimants; 2) a table of typical fees charged and collected by counsel over the past two years, including a breakdown of fees awarded in cases involving claimants, and 3) an explanation of why the issues argued or decided before the Court in this case merit a higher fee.

## CONCLUSION

The Court conditionally grants counsel's petition for fees to the extent of seventeen and three-quarters hours at $75 per hour for a total of $1,331.25.

It is so ordered.