**Frances PARENTE, Appellant,**

v.

**Margaret HECKLER, as Secretary of Health and Human Services, Appellee.**

**No. 737, Docket 83–6244.**

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1984.

Decided May 30, 1984.

Mark Hus, Community Action for Legal Services, Inc., Brooklyn, N.Y. (Steven M. Bernstein, Brooklyn, N.Y., of counsel), for appellant.

Michael P. DiRaimondo, Sp. Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Miles M. Tepper, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before LUMBARD, OAKES and CARDAMONE, Circuit Judges.

OAKES, Circuit Judge:

■ Frances Parente appeals from a decision of the United States District Court for the Eastern District of New York, Thomas C. Platt, Jr., Judge, which affirmed a determination by the appellee Secretary of Health and Human Services that Parente was no longer disabled, and hence no longer entitled to the Social Security disability benefits which appellant had received since the Secretary had first found her disabled in 1976. Based on our recent holding in *De Leon v. Secretary*, 734 F.2d 930 (2d Cir.1984), that "the Secretary may terminate [disability] benefits to a person previously adjudged to be disabled only upon substantial evidence that the individual's condition has improved to the point that he or she is no longer disabled, or that the initial finding of disability was erroneous," we reverse. It is abundantly clear from the administrative record that the Secretary made absolutely no determination that there was any improvement or even change in appellant's physical or psychological condition, but merely conducted what amounted to a de novo hearing on the question of disability. Irrespective of the Secretary's most recent determination, there can be no doubt that Parente has long suffered from serious physical and emotional disorders. In 1976 she applied for and was granted Social Security disability benefits due to "emotional and various physical problems." Prior to 1976 appellant had been treated for an ovarian cyst. At the time the cyst was removed, appellant also had a pancreatic tumor removed, and a hysterectomy was performed. Appellant was, and continues to be, extremely obese; she is 5 feet 3 inches tall and weighs over 300 pounds, at one time being up to 347. She cannot lean over to pick up things. She has trouble breathing. She climbs stairs one by one. On September 8, 1981, she was hospitalized with a pleural effusion, possibly indicating heart difficulty. She has edema in her legs from her knees to her ankles, increased by standing. She is frequently nauseous and has ileitis.

But as the 1976 proceeding made clear, even more disabling than appellant's physical ailments were her psychological and emotional problems. A social worker's 1976 report in support of Parente's application for benefits described her as having "a thought disorder, probably schizophrenia, paranoid type." The social worker observed that Parente has "very few friends .... In addition, her appearance is extremely poor, she is disheveled and unkempt. She suffers from paranoid ideation and loose association .... Insight and judgment are poor ...." Though she had worked from 1951 to 1970, appellant had been unemployed for six years when her application for benefits was granted in 1976. She has not worked since that time.

In October, 1981, the Social Security Administration notified appellant that, pursuant to its "Accelerated CDI (Continuing Disability Investigation) Program," it intended to terminate her benefits. While recognizing appellant's exogenous obesity, the appellee's position, based on the examinations of a psychiatrist and an internist, was that "[t]he impairment does not meet or equal the level of severity described in the Listing of Impairments." The appellee concluded that "[b]ased on the medical evidence [Parente] retains the capacity to perform simple, repetitive tasks," and was thus no longer disabled.

It is very debatable whether there was substantial evidence on the record to support the ALJ's finding that appellant is not disabled, an issue we need not reach but about which we have grave doubts, especially in light of his failure to discuss the opinion of her treating physician. *Echevarria v. Secretary of Health and Human Services*, 685 F.2d 751, 756 (2d Cir.1982). But it is clear that the ALJ made no effort whatsoever—other than to include some predictable boilerplate—to determine whether her condition had improved. We note, for example, that although the ALJ did recognize that the initial determination of disability was based on appellant's

"schizophrenia, paranoid type," no evidence was even presented at the hearing that this condition or disability had been alleviated. In this area the ALJ relied on a psychiatric evaluation performed by a consulting psychiatrist "who reported a transient situational disturbance" and who, despite offering appellant "a good prognosis," also recommended that she see a psychiatrist on a regular basis. The doctor did not address the question whether he believed appellant was suffering from schizophrenia, let alone offer any evidence of an improvement in her condition. While the doctor did indicate on a form that appellant's impairments in various areas were "moderate" rather than "severe," we note that he also stated that appellant's capacity to "meet production, quality and attendance standards" was, based on his examination, "severely impaired." We note also that the designation of a "moderate" impairment on the form provided the consultant psychiatrist— which the Secretary would have us believe is strong evidence of a lack of a disability— must be read in context of the range of choices provided to the doctor who is called upon to categorize an impairment: "None," "Mild," "Moderate," "Severe."

■ We need not repeat what we said in *De Leon* except to emphasize that first to classify a claimant as disabled and then draw precisely the opposite legal conclusion without substantial evidence of improvement violates not only the termination statute but basic considerations of fairness. As that is what we are confronted with in this case, the decision below is reversed.

Judgment reversed.