**Margaret PENNY, Plaintiff,**

v.

**Margaret HECKLER, Secretary of the Department of Health and Human Services of the United States, Defendant.**

**No. CV 82–1100.**

United States District Court, E.D. New York.

July 3, 1984.

Binder & Binder, Hauppauge, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by Kiyo A. Matsumoto, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action brought by the plaintiff Margaret Penny pursuant to Section 205(g) of the Social Security Act ("Act") as amended, 42 U.S.C. Section 405(g), to review a final determination of the Secretary of Health and Human Services ("Secre-

tary") terminating plaintiff's disability benefits.

Plaintiff was previously granted benefits for a period of disability commencing December 27, 1978 for a herniated disc. Thereafter it was determined that plaintiff's disability had ceased as of September 1980 and benefits ended in November 1980. Following termination of her benefits in November 1980, plaintiff requested reconsideration, which was denied on March 13, 1981. At her request, a hearing was held on August 25, 1981. In an October 7, 1981 decision, the Administrative Law Judge ("ALJ") found that plaintiff was not disabled and that she was capable of performing sedentary work. The ALJ's decision became the final decision of the Secretary on February 19, 1982 when the Appeals Council denied review. The parties now cross-move for summary judgment pursuant to Rule 12(c), Fed.R.Civ.P.

The plaintiff was forty-two years old at the time of the administrative hearing. She is 5'3" tall and approximately 225 pounds. Plaintiff suffers from a number of impairments including: a herniated disc, diabetes mellitus, diverticulitis of the colon, hiatus hernia, obesity, arthritic condition of the left knee, and a duodenal ulcer. The disabling condition for which she was originally awarded benefits was a herniated disc. She underwent a hemilaminectomy and a foramenotomy on July 13, 1979. There was one follow-up visit with the operating surgeon in August 1979. Since that time, plaintiff has been under the care of a general practitioner for her diabetes and other medical conditions. Plaintiff testified that she continues to have lower back pain despite the operation.

The ALJ determined that although plaintiff continues to experience residual effects from the surgery, they are not severe enough to preclude her from performing her previous job or some other sedentary work. He found that the medical conditions, other than the herniated disc, are not disabling. Lastly, he concluded that plaintiff has not been experiencing such severe, constant and intractable pain as to preclude her from performing her previous job as an office worker.

There are several medical reports in the record. The report of Dr. Chessid, the Social Security Administration's consultative orthopedist, is the one most relied on by the ALJ. Dr. Chessid found that plaintiff was in postoperative status of hemilaminectomy and foramenotomy. In the narrative section of his report he states that plaintiff was capable of walking for an hour, standing for an hour, and sitting for two hours. On the Residual Functional Capacity Evaluation Form he indicates that the plaintiff can sit for four hours out of an eight hour day and can stand or walk for two hours each. He also indicated that plaintiff cannot repetitively bend to pick up something but she is capable of lifting fifteen pounds.

The medical reports since Dr. Chessid's examination confirm plaintiff's ongoing medical problems. Dr. Norman Crane, plaintiff's treating physician, reported that plaintiff is a markedly overweight diabetic whose prognosis for diabetic recovery is poor. Nevertheless, she is not physically incapacitated by her diabetic condition. Dr. Carl Weiss, an orthopedic surgeon, reported on June 12, 1981 that plaintiff has a failed lumbar laminectomy. He assessed this condition as one which would clearly exceed twelve months in duration and would likely be permanent. Lastly, a November 24, 1981 report from Dr. Donald Forman, plaintiff's consultative orthopedist, stated that plaintiff is disabled permanently.

The plaintiff testified at the hearing concerning her impairments. She stated that she has difficulty sitting or standing for long periods of time and that she experiences pain in her legs, left knee and back. Furthermore, plaintiff testified that her ability to perform housekeeping chores is somewhat limited by her impairments. She does the cooking but is unable to clean, vacuum, or shop. Additionally, plaintiff is required to take numerous daily medications and she experiences several side

effects including diarrhea, cramps, nausea, and chronic burping.

## DISCUSSION

The Secretary's determination is conclusive if it is supported by substantial evidence on the record. *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978). Substantial evidence has been defined as "more than a mere scintilla," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Nevertheless, it is axiomatic that the district court can also review the Secretary's determination for application of the correct legal standard. For while the district court must accept the Secretary's findings of fact that are supported by the record, it is not bound to accept her interpretation of the law or application of an incorrect legal standard.

In the recent case of *DeLeon v. Secretary*, 734 F.2d 930 (2d Cir.1984) the Court of Appeals for the Second Circuit held that under the termination provisions of the Act, 42 U.S.C. Section 425(a), the Secretary must apply what is termed the medical improvement standard. Under this standard "the Secretary may terminate benefits to a person previously adjudged disabled only upon substantial evidence that the individual's condition has improved to the point that he or she is no longer disabled, or that the initial finding of disability was erroneous." *DeLeon*, 734 F.2d at 936. This standard is a comparative one requiring that a claimant's present condition be compared with his condition at the time he was first found disabled and entitled to benefits. Alternatively, the Secretary can base termination on an erroneous initial finding of disability. The medical improvement standard was reiterated in *Parente v. Heckler*, where the Court of Appeals again held that both the Act and basic concepts of fairness are violated where the Secretary fails to apply the medical improvement standard. 735 F.2d 743 at 745 (2d Cir.1984).

In the instant case, the ALJ failed to perform the comparative analysis required under *DeLeon*. The ALJ performed what amounts to a *de novo* review and determined that the plaintiff is not disabled. There was no attempt to compare her present condition with her condition at the time she was first adjudged disabled. The herniated disc that was the cause of her original disability is still present. There is no substantial evidence on the record that the hemilaminectomy improved her previous condition. Both of the orthopedic surgeons who examined the plaintiff found a failed laminectomy that left plaintiff disabled. Moreover, Dr. Chessid, the consultative physician heavily relied on by the ALJ, admitted that the plaintiff can at best sit for four hours. Even under a *de novo* review the ability to sit for four hours is not substantial evidence of ability to perform sedentary work. Social Security Ruling 83–10 (Jan.1980). Finally, there is nothing on the record to suggest that the prior adjudication granting disability benefits was erroneous. Clearly, the Secretary has not met her burden of showing either medical improvement or a prior erroneous decision.

Judicial review of disability determinations is governed by Section 205(g) of the Act. It provides for judgment affirming, modifying, or reversing the Secretary's decision with or without remanding the case for rehearing. 42 U.S.C. Section 405(g). The Second Circuit has held that reversal with an order to pay benefits is appropriate when the record shows "persuasive proof of disability and remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980). That is the case here.

Accordingly, plaintiff's motion for judgment on the pleadings is granted and the Secretary's determination to terminate plaintiff's benefits is reversed.

The Clerk of the Court is hereby directed to enter judgment in favor of the plaintiff, reinstating disability benefits effective November 1980.

SO ORDERED.