**Benjamin EDENTON**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services.**

**Civ. A. No. M–84–556.**

United States District Court,
D. Maryland.

June 24, 1985.

Stanley Silverman and Silverman and Silverman, Baltimore, Md., for plaintiff.

J. Frederick Motz, U.S. Atty., D. Md., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

OPINION

FRANK A. KAUFMAN, Chief Judge.

The attorney for plaintiff Benjamin Edenton, who successfully challenged in

this court the Secretary's denial of Social Security benefits for the plaintiff, has petitioned this court to approve his request for a fee of $6,493.52, representing 25% of the plaintiff's past due benefits plus $61.72 for court costs (Paper No. 14). In support of this petition, the attorney has submitted an itemization for services rendered to the plaintiff.

■ An attorney may receive up to 25% of the total past due benefits as a fee under 42 U.S.C. § 406(b)(1).[1] However, approval of the amount of an attorney's fee in Social Security cases is within the reasonable discretion of the District Court. *See, e.g., Blankenship v. Schweiker,* 676 F.2d 116, 118 (4th Cir.1982). And in *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966), then Chief Judge Haynsworth wrote that:

judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

Again, in *McKittrick v. Gardner,* 378 F.2d 872, 874 (4th Cir.1967), Judge Haynsworth emphasized that the amount of fee awarded should be related to "the quantity and the quality of the services." *See also Redden v. Gardner,* 391 F.2d 670 (4th Cir. 1968); *Robinson v. Gardner,* 374 F.2d 949, 952 (4th Cir.1967).

In *Blankenship v. Schweiker, supra,* at 117–18, Judge Ervin noted that in connection with awards of attorney's fees in black lung cases the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), are applicable and listed those as:

time and labor required; novelty and difficulty of questions; preclusion of other employment due to the acceptance of this case; skill required; customary fee; whether fee is contingent or fixed; time limitations imposed upon attorney; amount involved and result attained; experience, reputation, and ability of attorney; undesirability of case; nature and length of professional relationship with client; and awards in similar cases.

■ In the within case, plaintiff's counsel states that he expended a total of 25 hours. Assuming *arguendo* even the reasonableness of that total expenditure of time, the requested hourly rate (*i.e.,* $6,431.80 divided by 25) exceeds $250.00. That rate, even in a case involving contingencies, is not, under the standards set forth in the above-cited opinion of the Fourth Circuit, appropriate.

■ In addition, counsel for plaintiff has asked this Court to award compensation to him for services performed by counsel for plaintiff in proceedings before the Secretary. A district court is empowered to consider only services which the attorney has performed before it; only the Secretary is authorized to make awards for services rendered in agency proceedings. *Morris v. Social Security Administration,* 689 F.2d 495, 497 (4th Cir.1982);

---

**1.** 42 U.S.C. § 406(b)(1) states:

Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judg-

ment, and the Secretary may, notwithstanding the provisions of section 205(i) [42 USC § 405(i)], certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

*Whitt v. Califano,* 601 F.2d 160, 161–62 (4th Cir.1979). Accordingly, this Court cannot grant any fee award for work performed by plaintiff's attorney at the agency level.

Under the circumstances, counsel for plaintiff is hereby required to submit to this Court on or before July 8, 1985 in writing a revised petition, supporting his request with specific detailed factual proffers. In that regard, the factors set forth in *Johnson v. Georgia Highway Express, Inc.* are applicable. *See, e.g., Vaughns v. Bd. of Education of Prince George's County,* 598 F.Supp. 1262 (D.Md.1984). Counsel for the Secretary may file written comments, if he so desires, on or before July 22, 1985 and if he so does, counsel for plaintiff may file written rebuttal, if he so desires, on or before August 1, 1985.