**Margaret PENNY, Plaintiff,**

v.

**Margaret HECKLER, Secretary of the Department of Health and Human Services of the United States, Defendant.**

**No. CV 82–1100.**

United States District Court,
E.D. New York.

Jan. 2, 1986.

---

Binder & Binder by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by Kiyo A. Matsumoto, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

WEXLER, District Judge

Plaintiff Margaret Penny appealed to this Court from a decision of the Secretary of Health and Human Services (Secretary) terminating plaintiff's Social Security disability benefits. 42 U.S.C. § 405(g). The Court reversed the Secretary's determination and awarded benefits because the Secretary failed to apply the medical improve-

ment standard, *DeLeon v. Secretary of Health and Human Services*, 734 F.2d 930 (2d Cir.1984), and there was no evidence that Mrs. Penny's condition had improved. Moreover, the Court concluded that under a *de novo* review standard there was not substantial evidence to support a determination that claimant could perform sedentary work. *Penny v. Heckler*, 587 F.Supp. 983, 985 (E.D.N.Y.1984).

Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and under 42 U.S.C. § 406(b)(1). Section 406(b)(1) allows an award of counsel fees from past due benefits of up to twenty-five percent of that amount. The government opposes the award of fees under EAJA and the amount of fees requested under the § 406(b)(1) provision.

Counsel for plaintiff submitted a short motion under the EAJA for twenty-eight and one-quarter hours of work at the $75.00 per hour rate, and did not argue for a higher rate in view of counsel's expertise. Counsel also submitted a motion for an award of the full twenty-five percent of Mrs. Penny's past due benefits based on a contingency fee agreement she signed. Counsel did not know the amount of past due benefits at the time he made the motion. In essence, however, counsel seeks to have the Court approve and enforce the flat twenty-five percent fee agreement through the fee award provision of § 406(b)(1). Mrs. Penny's past due benefits amount to $23,764.00, and the requested contingency fee would amount to $7,691.00, or $272.25 an hour for twenty-eight and one-quarter hours. Under the EAJA the fee would amount to $2,118.75 for twenty-eight and one-quarter hours at $75.00 an hour. Counsel proposes to use any award under the EAJA to off-set the contingency fee award, but apparently will not take a full award under EAJA in full satisfaction of fees owing for work performed. While most private attorneys who seek their fees under the EAJA ask for an award under § 406(b)(1) in the alternative, counsel here asks for an award under the EAJA to lighten the burden on claimant of the twenty-five percent contingency fee.

## I.

The Equal Access to Justice Act, 28 U.S.C. § 2412(d), shifts the litigation cost of opposing a federal agency to the government. In order to secure an award of fees under the EAJA, the claimant must be a prevailing party in the action and the government's position must not be substantially justified. Clearly, Mrs. Penny is the prevailing party in this action, as the Court reversed the Secretary and awarded benefits. The issue, then, is whether the government's position on her termination was substantially justified. As a rule, where the government espouses an erroneous legal standard, its position is not substantially justified. *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1441 (E.D.N.Y.1983); *Ceglia v. Schweiker*, 566 F.Supp. 118, 123 (E.D.N.Y.1983). While the Secretary took an erroneous legal position by failing to apply the medical improvement standard, it is unclear whether the position was unreasonable, and hence not substantially justified, from the outset of the termination proceedings. *Soto-Valentin v. Heckler*, 619 F.Supp. 627, 630 (E.D.N.Y. 1985). Because the Second Circuit did not uphold the medical improvement standard until one month before the Court decided Mrs. Penny's appeal, it is arguable that the government's position was reasonable. *Id.* On the other hand, the Second Circuit did award fees under the EAJA when it first upheld the medical improvement standard in *DeLeon v. Secretary*, 734 F.2d at 938.

However that may be, the Court need not decide the issue at this time. In January 1983, the Secretary issued Social Security Ruling 83–10 (Jan.1983), declaring that sedentary work generally requires the capacity to sit for six hours out of an eight hour day. The evidence on the record was that Mrs. Penny could only sustain four hours of sitting in an eight hour day. The government submitted its motion for judgment on the pleadings in August 1983, some seven months after Ruling 83–10, but

refused to alter its position that Mrs. Penny could perform sedentary work. The Court concludes that that position did not have a reasonable basis in fact or law. *Ceglia v. Schweiker,* 566 F.Supp. at 123. Accordingly, an award of fees under the EAJA is appropriate.

■ Nevertheless, under *New York State Assoc. for Retarded Children v. Carey* plaintiff must submit contemporaneous time records in order to recover fees pursuant to § 2412(d) for work performed after June 15, 1983, the date of that decision. 711 F.2d 1136, 1148 (2d Cir.1983). Plaintiff has submitted reconstructed records, and on inquiry from the Court counsel stated no contemporaneous time records exist. Accordingly, the award of fees under the EAJA is limited to the two and one-half hours of work performed before June 15, 1983.

## II.

■ There remains the award of fees pursuant to 42 U.S.C. § 406(b)(1). The Court does not consider the section to be a means of enforcing a contingency fee agreement. Social Security disability claimants are frequently impoverished. Congress and the courts recognize this fact and provide several means to allow claimants to pursue their right to appeal. The EAJA and § 406(b)(1) provide a reasonable guarantee that a lawyer will collect fees if appeal is successful. In addition, this Court allows claimants to proceed *pro se* and receive full consideration of their cases without filing more than the initial pleading. The plaintiff who has commenced an action *pro se* can also submit an affidavit showing his impoverished condition and secure appointment of *pro bono* counsel. The Social Security claimant, then, has more means of retaining an attorney without having to pay fees until the close of litigation, if at all, than any other civil litigant. Concomitantly, private lawyers who represent these clients are assured they will receive fees on a successful case.

A contingency fee agreement, therefore, is not strictly necessary. Moreover, considering that the client is often poor and a little desperate, such an agreement may be reprehensible, as it can only serve to increase the fee award to the full twenty-five percent of benefits owing at the expense of the claimant. *Modica v. Secretary of Health and Human Services,* 581 F.Supp. 39, 40 (E.D.N.Y.1984).

■ Whatever weight the court gives the contingency fee agreement, it remains for the Court to fix the fee under § 406(b)(1). *McKittrick v. Gardner,* 378 F.2d 872 (4th Cir.1967). A fee that amounts to $272.25 an hour is not reasonable under the circumstances of this case. The attorney who represented plaintiff is experienced and expert in the disability field. Nevertheless, the case was not novel and as a result of his skills, counsel made quick work of it. Award of the full twenty-five percent of past due benefits, amounting to $7,691.00, is not appropriate or reasonable. Nonetheless, in view of counsel's great skill and experience in this field, the Court will award fees in the amount of $125.00 an hour under both the EAJA and § 406(b)(1).

## III.

The Court concludes that plaintiff is entitled to fees under the EAJA, 28 U.S.C. § 2412(d), for the two and one-half hours of work performed by counsel before June 15, 1983 at a rate of $125.00 an hour, to total $312.50. For the remaining twenty-five and three-quarters hours work performed, fees are awarded under 42 U.S.C. § 406(b)(1) at a rate of $125.00, to total $3,218.75. Attorney for the plaintiff is to receive only these fees for his representation in this case and shall not seek to recover more from the plaintiff based on the contingency fee agreement.

The Clerk of the Court is hereby directed to enter an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d), in the amount of .$312.50. The Clerk is further directed to enter an award of attorney's fees from past due benefits pursuant to 42

U.S.C. § 406(b)(1) in the amount of $3,218.75.

SO ORDERED.