**Guy RUSSO, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. CV 83–3616.**

United States District Court, E.D. New York.

Jan. 15, 1986.

Binder & Binder by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by Kiyo A. Matsumoto, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Guy Russo appealed to this Court for review of a determination of the Secretary of Health and Human Services (Secretary) that denied his application for Social Security disability benefits. 42 U.S.C. § 405(g). Mr. Russo suffered injury to his back in a fifteen foot fall while working as a billboard installer, and claimed that the resulting pain and physical impairments left him unable to work. On review the Court determined that the Secretary's decision that plaintiff retained the residual functional capacity to perform sedentary work was not supported by substantial evidence on the record as a whole. Accordingly, the Court reversed the Secretary's determination and awarded disability benefits.

Counsel for plaintiff now applies for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and the section of the Social Security Act that provides for an award of counsel fees from 25% of plaintiff's past due benefits. 42 U.S.C. § 406(b)(1).

██ The award of fees under the EAJA shifts the cost of pursuing a meritorious claim against a federal agency to the government. Specifically, if the private party prevails in the litigation and the government does not show that its position was substantially justified, an award of fees against the government is appropriate. 28 U.S.C. § 2412. Aside from these statutory requirements, however, courts in the Second Circuit require contemporaneous attorney work records to support an application for EAJA fees. *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1147 (2d Cir.1983). Counsel has failed to submit such documentation. Therefore, even though plaintiff is the pre-

vailing party and the Court does not believe the government's position on appeal was substantially justified, the Court cannot award fees under the EAJA.

■ Counsel for plaintiff also applies for fees under 42 U.S.C. § 406(b)(1), and asks for award of the full 25% of past due benefits based on a contingency fee agreement signed by Mr. Russo, a copy of which is attached to the application. The Court will not enforce contingency fee agreements by way of a § 406(b)(1) award of fees. *Penny v. Heckler*, 623 F.Supp. 1240, 1243, (E.D.N.Y.1986); *Modica v. Secretary of Health and Human Services*, 581 F.Supp. 39, 40 (E.D.N.Y.1984). Rather, it is for the Court to fix a fee based on an evaluation of the hours of work and skill required of the practitioner. *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir.1967).

■ The Secretary calculates plaintiff's past due benefits as $23,684.00. Twenty-five percent of past due benefits amounts fo $5,921.00. Counsel submitted a "Schedule of Hours Spent in Federal Court" with the petition for an EAJA fee award showing 25½ hours of work performed on plaintiff's case. The Court recognizes that plaintiff's counsel is a leading practitioner in the disability field, possessing a high level of skill and experience. Accordingly, the Court finds the 25½ hours of work performed reasonable and an hourly rate of $125.00 reasonable under the circumstances, for a total award of $3,125.00 under 42 U.S.C. § 406(b)(1). Counsel shall not seek further compensation under the contingency fee agreement signed by Mr. Russo for work performed before this Court.

Nevertheless, the Court finds it unfortunate that counsel's argument for an award of EAJA fees was not successful. Counsel's memoranda of law on the issue were brief and there were no supporting contemporaneous work records. The Court cannot award EAJA fees without contemporaneous records. Sadly, it is the plaintiff who suffers the hardship when counsel fails to keep the records required. Usually, an attorney will get his fees from claimant's past due benefits if the EAJA application is denied. This has been a period of

transition as the courts began applying the *Carey* decision to work performed after the June 15, 1983 date of that opinion. Understandably, attorneys were not immediately aware of the *Carey* decision. Enough time has passed since *Carey* that from now on attorneys should preserve their clients' rights under the EAJA and keep the required contemporaneous records of work performed. The Court has made clear that it will not enforce contingency fee agreements in these disability cases. The Court perhaps should next address the problem of counsel who fail to keep the contemporaneous records necessary for their clients' to recover EAJA fees.

The Clerk of the Court is hereby directed to award attorney's fees under 42 U.S.C. § 406(b)(1) to plaintiff's counsel in the amount of $3,125.00.

SO ORDERED.