**Anthony J. CUCCHIARELLI, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 5105 (MJL).**

United States District Court, S.D. New York.

March 26, 1987.

Amended Order April 15, 1987.

Rudolph W. Giuliani, U.S. Atty., Southern Dist. of N.Y. by Rosemarie E. Matera, Sp. Asst. U.S. Atty., New York City, for defendant.

Meltzer & Fishman by Stanley F. Meltzer, New York City, for plaintiff.

LOWE, District Judge.

With counsel's help, plaintiff Anthony J. Cucchiarelli ("Cucchiarelli") appealed to this Court from a decision of the Secretary of Health and Human Services (the "Secre-

tary") denying him social security disability benefits. We remanded the case on the ground that the Secretary applied invalid "severity regulations" to determine that Cucchiarelli was "not disabled."[1] Almost one year later, the Secretary agreed to discontinue the action and Cucchiarelli received his benefits.

Plaintiff's counsel now applies for attorney's fees under 42 U.S.C. § 406(b)(1), which provides for the payment of attorney's fees out of the benefits owed to the claimant. In his supporting affidavit, counsel states that Cucchiarelli "received past due benefits amounting to $34,816.58." (Affidavit of Stanley F. Meltzer, "Meltzer Aff.," p. 2). He represents that the Social Security Administration has withheld $11,604.12 for direct payment of legal fees. (Meltzer Aff., p. 1). Counsel informs the Court that he has already been awarded $8,000.00 for services rendered at the administrative level. (Meltzer Aff., p. 4). He requests that he be awarded $3,604.12, the balance of the amount withheld, for 41 and ¾ hours of work. (Meltzer Aff., p. 1). The Secretary does not oppose the application.

The award of attorneys fees in a social security disability appeal to the district court is governed by 42 U.S.C. § 406(b), which provides:

> (1) Whenever the court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provision of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation not in excess of 25 percent of the total of the past-due benefits to

> which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provision of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

> (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

Under the Act, the "aggregate attorney fee awarded by the district court and the Secretary may not exceed the statutory maximum of twenty-five percent (25%)" of the claimant's past due benefits. *Allen v. Heckler,* 588 F.Supp. 1247, 1249 (W.D.N.Y. 1984) (citations omitted).

In determining a reasonable attorney's fee, the court should consider the following factors: (1) the time and labor required; (2) the difficulty of the questions involved; (3) the skill required to handle the problems presented; (4) the lawyer's experience, ability and reputation; (5) the benefit obtained by the claimant; (6) the customary fee charged by the Bar for similar services; and (7) the contingency or certainty of compensation. *Id.* at 1249–50.

■ While the attorney's risk in litigating a plaintiff's claim is a factor for the court's consideration, the terms of a contingency agreement are not. *Garber v. Heckler,* 607 F.Supp. 574, 575 (E.D.N.Y.1985). Section 406(b) is not a means of enforcing a contingency fee agreement, rather the court must determine what fee is reasonable in accordance with the factors listed above. *Russo v. Heckler,* 625 F.Supp. 1513, 1515 (E.D.N.Y.1986).[2]

**1.** The basis for this Court's remand was the decision in *Dixon v. Heckler,* 589 F.Supp. 1494 (S.D.N.Y.1984), *aff'd,* 785 F.2d 1102 (2d Cir. 1986). In *Dixon,* Judge Morris E. Lasker of this Court held that the Secretary's severity regulations providing that claims for disability benefits be denied without regard to the combined effect of the claimant's impairments and the claimant's age, education and work experience

were contrary to the Social Security Act (the "Act").

**2.** Contingency agreements in social security disability cases may, in the words of one court be "reprehensible," since they can "only serve to increase the fee award to the full twenty-five percent of the benefits owing at the expense of the claimant," *Penny v. Heckler,* 623 F.Supp.

In support of his fee application, plaintiff's counsel does not attempt to argue that this case presented novel or particularly complex questions of fact or law.[3] Counsel does represent that he is "considered one of the leading attorneys in [the Social Security Disability practice] area." (Meltzer Aff., p. 3). He does not contend, however, that his special skill and long experience (1) contributed to the size of Cucchiarelli's award; or (2) was required to handle the relatively simple issues posed in this case.[4]

■ The form in which counsel has presented his request for fees indicates that he would have this court simply award the balance of the sum certified by the Secretary for payment of legal fees. Counsel also states that his client has agreed to pay him twenty-five percent of his past due benefits. This Court will neither automatically award the statutory maximum fee nor enforce counsel's contingency agreement.

■ While counsel provides the Court with a listing of the hours he spent on Cucchiarelli's case before the district court, he has not sought any particular hourly rate of compensation. Counsel's application presumes that the hourly rate is merely an insignificant factor produced by dividing an assured twenty-five percent fee by the time counsel invested in the case. The fee, however, does not determine the hourly rate; rather, the hourly rate helps decide the fee. *See Allen v. Heckler*, 588 F.Supp. at 1249–50. In *Losco v. Bowen*, 638 F.Supp. 1262 (S.D.N.Y.1986), the court undertook an exhaustive survey of fees awarded under section 406 of the Act. The

court concluded that fees of from $50 to $100 per hour were typically allowed in recent disability cases. *Id.* at 1264–65.

Plaintiff's attorney states that he spent ½ hour dictating a letter to his client advising that the district court action must be started within sixty days of the Secretary's final judgment. He states that it took him 1 and ¼ hours to prepare the summons and complaint. He also states that it took ½ hour to dictate a letter to the client advising him that the complaint was filed; and an additional ½ hour to file the summons and proofs of service in court. Counsel further states that it took ½ hour to review this Court's memorandum opinion and order of remand.

■ In view of counsel's experience and the fact that 85 to 90 percent of his practice consists of social security disability cases, *Tanner v. Heckler*, No. 80 Civ. 2443, slip. op. at 7 (S.D.N.Y. March 12, 1987) (MJL), we must conclude that the above-described activities reasonably occupied 1 and ½ hours.[5] We find that counsel reasonably spent 40 hours on the district court action and that a rate of $85 per hour is reasonable.

We cannot however, award counsel $3,400.00. Counsel maintains that $11,604.12 represents twenty-five percent of Cucchiarelli's past due benefits of $34,816.58. Twenty-five percent of that award amounts to $8,704.15, not $11,604.12. Since the Secretary has already provided counsel with $8,000.00 in fees for his performance in administrative proceedings, section 406 precludes an award greater than $704.15 for representing Cucchiarelli before this Court.

---

1240, 1243 (E.D.N.Y.1986). It is also difficult to imagine that a claimant who, as the Court in *Penny* noted, is "often poor and a little desperate," would refuse to sign a contingency agreement. *Id.*

3. Counsel apparently expects the Court to presume that the case presented difficult issues since it reached the district court level. (Meltzer Aff., pp. 2–3).

4. Counsel had the opportunity to review Judge Lasker's decision and order in *Dixon* prior to moving for judgment on the pleadings. The brief that accounts for 30 of the 41 and ¾ hours counsel claims were spent on this case refers to that ruling. Counsel, however, appears to have rejected the Secretary's offer to remand the case under *Dixon* and chose to argue for a reversal of the Secretary's decision on the evidence contained in the administrative record. (Memorandum of Law In Support of Plaintiff's Motion for Judgment on the Administrative Record and

Pleadings, "Pl. Br.," pp. 2–3). The Secretary ultimately took the position before this court that her decision should be affirmed on the merits and that the plaintiff was not entitled to a *Dixon* remand. (Memorandum of Law Submitted in Support of Defendant's Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings, "Gov't's Br.," pp. 7–8). As has already been noted, this court was unpersuaded by both sides' arguments and remanded under *Dixon*.

5. The two letters to the client were easily forms, as was the two-page complaint filed in this case. Counsel's office is almost across the street from the United States Courthouse and the United States Attorney's Office. The summons and complaint were filed in Court on the same day that service was made upon the United States Attorney. This Court's order of remand was less than one page long and predicated upon a case with which defense counsel was clearly familiar.

Plaintiff's counsel's fee is fixed at $704.15.

It Is So Ordered.

## AMENDED ORDER

On March 26, 1987, this court issued a Memorandum Opinion and Order awarding fees to plaintiff's counsel under 42 U.S.C. § 406(b)(1). Although we found that counsel's services before this court were worth $3,400.00, we limited his award to $704.15 because we found that amount constituted the balance of the funds properly withheld by the Secretary for payment of legal fees.

On April 13, 1987, this court received a letter from plaintiff's counsel reporting that $3,604.12 remained in the fund. Counsel explained that plaintiff's past-due benefits exceeded $45,000.00, and was not $34,-816.58, as he previously informed the court. Twenty-five percent, the statutory maximum amount of attorneys fees, is therefore $11,604.12, and not $8,704.15 as this court was led to believe.*

Accordingly, this court's prior award of $704.15 for counsel fees is vacated. The rest of the March 26, 1987 Opinion remains unchanged. Plaintiff's counsel is entitled to receive $3,400.00.

It Is So Ordered.

---

* Counsel has already received $8,000.00 for work performed at the administrative level.