**Richard P. DONAHOE**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services.**

**Civ. No. JH–86–3746.**

United States District Court, D. Maryland.

Oct. 29, 1987.

---

Robert Lyons, Rockville, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty. and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

Plaintiff Richard P. Donahoe filed suit in this Court for a review of a determination of the Secretary's decision to deny his application for Social Security disability benefits. 42 U.S.C. § 405(g). On review, the Court determined that the Secretary's decision was not supported by substantial evidence on the record as a whole. Accordingly, the Court reversed the Secretary's determination and awarded disability benefits.

Counsel for the plaintiff now applies for an award of attorney's fees. His application is remarkable for the singular reason that he fails to identify that statute under which fees can be awarded. It is not a matter of little significance. "[E]xpress statutory authorization must be found before costs will be assessed against the federal government." Wright, Miller and Kane, *Federal Practice and Procedure 2d* § 2672 at 235. Typically, attorney's fees are awarded in these circumstances under either 28 U.S.C. § 2412(d) or 42 U.S.C. § 406(b)(1), and the two are not synonymous;[1] *e.g., Petrella v. HHS,* 654 F.Supp. 174 (M.D.Pa.1987); *Roberts v. Bowen,* 652 F.Supp. 276 (N.D.Iowa 1986); *Russo v. Heckler,* 625 F.Supp. 1513 (E.D.N.Y.1986). Ostensibly, counsel believes it is the Court's responsibility to find the statute which would award him his fees. It is not.

*Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

Courts "do not welcome the task of determining reasonable attorneys' fees." *Keith v. Volpe,* 644 F.Supp. 1312, 1315 (C.D.Cal.1986). Also, "instructions to district courts regarding their evaluation of tasks, hours, rates, and other matters were never meant to cause a subtle shift in the burden of proof from counsel to court. The burden is not for the Court.... It remains counsel's burden to prove and establish [reasonable attorney's fees]." *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir.1986).

Although counsel's application is conspicuously devoid of any statute authorizing an award of fees, he did offer a clue in a letter dated October 5, 1987 to this Court in response to the Assistant United States Attorney's argument against a fee. He mentions 42 U.S.C. § 406. The Court has no choice but to infer that counsel seeks his fee under 42 U.S.C. § 406(b)(1). While the Court recognizes that attorney's fees in general should not result in a second litigation, the Court does not believe that means counsel is not required to identify the statute under which he is proceeding.

The fees awarded by the district court may not exceed the statutory maximum of 25 percent of the claimant's past due benefits. *Edenton v. Heckler,* 611 F.Supp. 264 (D.Md.1985). "However, approval of the amount of an attorney's fee in Social Security cases is within the reasonable discretion of the District Court." *Id.* at 265 (citations omitted). The *Edenton* court went on to quote *Redden v. Celebreeze,* 370 F.2d 373, 376 (4th Cir.1966), which stated, in pertinent part: "In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum." 611 F.Supp. at 265.

This Court is obligated to determine the reasonableness of the attorney's requested fee. *See, e.g., Losco v. Bowen,* 638 F.Supp. 1262 (S.D.N.Y.1986). But the fee applicant

---

1. Under 28 U.S.C. § 2412(d), the government would have to show its position was substantially justified. Under 42 U.S.C. § 406(b)(1), the Court determines a reasonable fee which at all times must be 25% or less of the total past-due beneifts awarded to the claimant.

shoulders the burden of producing evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Here, plaintiff and his lawyer entered into a fee agreement which provides that the latter shall be compensated 25 percent of any sums realized from any award of benefits. Notwithstanding the contingency fee agreement, it remains for the Court to fix the fee under § 406(b)(1). *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir.1967); *Penny v. Heckler*, 623 F.Supp. 1240, 1243 (D.C.N.Y.1986); *Petrella v. HHS*, 654 F.Supp. 174, 178 (M.D.Pa.1987). The past due benefits here total $17,-730.00.[2] Counsel requests $4,432.50, or 25 percent of the total award. Counsel expended 22 hours in the proceedings before this Court. Thus, if granted, the attorney's fee application would represent a fee of just over $200 per hour which is preposterous.

Counsel's apparent justification for his requested fee is that he took the case on a contingency fee basis. Therefore, his rate of $200 per hour is justified, according to him, because of the contingency fee agreement. And, you can't win them all. *See* October 5, 1987 letter from counsel. In *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987), the court examined a fee petition in the context of a 42 U.S.C. § 1983 action. There, the court relied on *Pennsylvania v. Delaware Valley Citizen's Council for Clear Air*, — U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), a Supreme Court case which addressed a fee petition under the Clean Air Act. Those two cases addressed when a contingency multiplier is appropriate. With respect to risk of nonpayment for not prevailing and hence receiving nothing under a contingency fee contract, the *Spell* court quoted Justice O'Connor's concurrence in *Delaware Valley II:*

"no enhancement for risk is appropriate unless the applicant can establish that without an adjustment for risk the prevailing party 'would have faced substan-tial difficulties in finding counsel in the local or other relevant market....' "

*Spell*, 824 F.2d at 1404 (quoting *Delaware Valley II*, 107 S.Ct. at 3089–92). While the Clean Air Act and a § 1983 claim are far removed from a Social Security disability case, the Court is unable to ascertain why the above-quoted passage should not apply with equal force to this case. Therefore, the Court could grant counsel's request in full if he can show that his client had a difficult time getting a lawyer to take his case. However, he has offered no documentation to support the rationale for his requested fee. Accordingly, his petition for $4,432.50 must fail.

The Assistant United States Attorney, in his letter to the Court dated October 1, 1987, states that this case was not a complicated one. Plaintiff's counsel does not deny that. *See* October 5, 1987 letter from plaintiff's counsel.

In reviewing a conspectus of the cases under § 406(b) of the Social Security Act, the court in *Lasco v. Bowen*, 638 F.Supp. 1262 (S.D.N.Y.1986) discovered that the typical fee is usually between $50 and $100 an hour. 638 F.Supp. at 1265. Counsel here asserts that, for general practice work, he normally charges $75 per hour but since his specialty is in this area, he believes a rate of $100 to $125 per hour is appropriate. The Court disagrees. The Court believes $80 an hour is reasonable. Continuing in this vein, it appears that some courts factor into the award the quality of the petition. *See Petrella v. HHS*, 654 F.Supp. 174, 178–79 (M.D.Pa.1987) (apparently a good brief); *Roberts v. Bowen*, 652 F.Supp. 276, 281 (N.D.Iowa 1986) (apparently a lengthy brief). The Court declines to do so here, but does note that the petition submitted by counsel is highly unpersuasive. It fails to justify his hourly rate; further, he cites no authority for his position and declined to identify the statute under which he was proceeding.

---

**2.** The total benefits awarded in this case was $26,585.00 which is the sum total of plaintiff Mr. Donahoe's award ($17,730.00) and his daughter's award ($8,855.00). However, counsel is waiving any fee based on benefits awarded to the daughter. *See* October 5, 1987 letter from counsel.

Counsel has submitted adequate documentation as to his hours of work at the judicial level. His 22.0 hours are reasonable especially for the results obtained which were good.

Counsel is entitled to compensation for 22.0 hours of work at a rate of $80 per hour. His total fee, then, is $1,760.00. This amount is less than 25 percent of the past due benefits and, therefore, satisfies § 406(b)(1) of the Social Security Act. "Counsel shall not seek further compensation under the contingency fee agreement signed by ... [Mr. Donahoe] for work performed before this Court." *Russo v. Heckler*, 625 F.Supp. 1513, 1515 (E.D.N.Y.1986). Counsel can still apply to the Secretary for an award for work performed at the administrative level. 42 U.S.C. § 406(a). Hopefully, he will be more persuasive there.

Accordingly, it is this 28th day of October, 1987, by the United States District Court for the District of Maryland, ORDERED:

That the Secretary of Health and Human Services shall pay Robert Lyons, Esq. an attorney's fee of One Thousand Seven Hundred Sixty Dollars ($1,760.00) for work performed before this Court pursuant to 42 U.S.C. § 406(b)(1).