798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl D. BIGGS, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 85-5947.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Secretary of Health and Human Services appeals the attorney fee awarded to George C. Howell following the district court's reversal of the Secretary's denial of social security benefits to Carl D. Biggs. The district court granted the maximum attorney fee possible, 25% of the claimant's past-due benefits.
 
 
 2
 Howell began his representation of Biggs on August 15, 1983. In preparing Biggs' case, Howell met with him several times and secured the deposition of Biggs' treating physician. His efforts on behalf of Biggs, however, were punctuated with requests for extensions and very abbreviated filings, for example, a one sentence statement of issues. The district court referred the case to a magistrate for decision on all pretrial matters and for a report and recommendation. Howell failed to appear for the critical oral argument before the magistrate and provided no explanation for his absence. Based on the written record before him, the magistrate recommended the award of benefits and the district court adopted his report and recommendation. The accrued benefits were $14,331.
 
 
 3
 Howell filed a motion for an attorney fee award of $7,230. In response, the Secretary noted that a maximum 2.5% award would be $3,582.75 and recommended that in light of Howell's handling of the case, an award of $1,000 would be appropriate. Howell modified his requested fee to $3,582.75. The district court referred the request to the same magistrate that recommended that Biggs be awarded benefits. In his report and recommendation, the magistrate stated:
 
 
 4
 As discussed, on this docket oral argument is a key determinate in the outcome of social security actions before the court. Mr. Howell's manner of handling argument scheduling, remiss filing of statement of issues, and ultimate absence at oral argument did nothing to further the interest of his client in litigation. Only the record of proceedings before the Secretary saved Mr. Biggs' claim.
 
 
 5
 Accordingly, it is recommended that the suggestion of the Secretary be adopted and that George Howell be awarded a fee of $1,000.00 as his compensation for representing Carl Biggs in his claim for disability insurance benefits.
 
 
 6
 The district court rejected the magistrate's recom mendation and awarded $3,582.75; the court simply stated that the objections to the magistrate's report were sustained.
 
 
 7
 The Secretary now claims that in light of Howell's conduct in this case the district court abused its discretion in awarding the maximum attorney fee. This Court has recently addressed the posture on appeal of attorney fee awards in social security cases. The Court stated:
 
 
 8
 Trial judges should be given the widest possible latitude in reviewing fee requests. Indeed, in social security cases they have a mandate:
 
 
 9
 [W]hile the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in aU cases.
 
 
 10
 Redden v. Celebrezze, 370 F.2d 373, 376 (4th Cir. 1966). See also Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972).
 
 
 11
 The judicial gloss placed on the judge's statutory duty to limit fees to 25 percent or less of the award makes it clear that "in the vast majority of cases, the judge's own observation of the lawyer's performance in the adjudicatory process will be a sufficient basis for his allowance of a reasonable fee:' McKittrich v. 378 F.2d 872, 875 (4th Cir. 1967).
 
 
 12
 Chandler v. Secret of Health and Human No. 85-5587, slip op. at 4 (6th Cir. June 5, 1986). While this Court is disappointed that the district court failed to explain fully its basis for the maximum award of attorney fees, our review of the record leads to the conclusion that the district court did not abuse its discretion.